UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATALIE D'AMICO, et al., <br><br> Defendants. | CASE NO. C16-1877JLR <br><br> ORDER GRANTING MOTION TO STRIKE AMENDED COMPLAINT |

## I. INTRODUCTION

Before the court is Defendant City of Redmond's ("the City") motion to strike Plaintiffs Susan Chen, Naixiang Lian, J.L., and L.L's (collectively, "Plaintiffs") amended complaint. (MTS (Dkt. # 33).) Ms. Chen opposes the motion. (Resp. (Dkt. # 43).) The court has considered the motion, the submissions in support of and in opposition to the

//

//

motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court grants the motion for the reasons set forth below.

## II. BACKGROUND

Ms. Chen and Mr. Li filed this lawsuit *pro se* on December 8, 2016. (*See* IFP App. (Dkt. # 1).) Their lawsuit under 42 U.S.C. § 1983 arises from an investigation into Ms. Chen and Mr. Li's treatment of their children. (*See* Compl. (Dkt. # 6); FAC (Dkt. # 21).)[2] Plaintiffs allege that the City, Redmond Police Department, a number of Redmond Police Department police officers, Washington State Department of Social and Health Services ("DSHS"), DSHS leadership and employees, and a number of Doe defendants violated Plaintiffs' civil rights and committed various torts during the course of that investigation. (*See* Compl.; FAC ¶¶ 7-20.)

On April 11, 2017, Ms. Chen moved for the appointment of counsel (Mot. to Appoint (Dkt. # 10); 4/17/17 Order (Dkt. # 12) at 1 n.1), and the court appointed counsel for Ms. Chen on June 23, 2017 (Am. Order of Appoint. (Dkt. # 15)). Shortly after Ms. Chen moved for appointment, the Honorable Chief Judge Ricardo S. Martinez transferred to the undersigned judge a related case originally brought by Ms. Chen and Mr. Li against the City in King County Superior Court and removed on April 13, 2017. (*See* 6/26/17 Order (Dkt. # 18) at 2); *Chen v. The City of Redmond*, No. C17-0569JLR, Dkt.

---

[1] No party requests oral argument, and the court determines that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Ms. Chen and Mr. Li erroneously named on the docket their original complaint as a second amended complaint. (*See* Compl.) However, in this action, Plaintiffs have filed only the original complaint and a first amended complaint. (*See generally* Dkt.)

## 1, 2. The City answered the complaint in that action on April 18, 2017. *Chen*, No. C17-0569JLR, Dkt. # 5.

After transfer of the related case, the court ordered the parties in both matters to show cause why the two cases should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a). (6/26/17 Order at 2.) In response, the parties stipulated to consolidation. (Stip. (Dkt. # 19).) Accordingly, on July 5, 2017, the court consolidated the two matters. (7/5/17 Order (Dkt. # 20) at 2.) Based on that order, the Clerk closed the case removed from King County Superior Court so that both cases would proceed under this cause number. *Chen*, No. C17-0569JLR, Dkt.

On August 9, 2017, Plaintiffs filed an amended complaint without seeking leave of the court. (*See* FAC; Dkt.) The amended complaint makes a number of additional allegations; states new claims for malicious prosecution, intentional infliction of emotional distress, negligent investigation, negligent supervision, negligent infliction of emotional distress, abuse of criminal legal process, and abuse of civil legal process; and adds several defendants. (*Compare* FAC, *with* Compl.) The City moves to strike the amended complaint for three reasons: (1) Plaintiffs did not seek leave to amend their complaint against the City in violation of Federal Rule of Civil Procedure 15(a); (2) the amended complaint incorporates by reference portions of the original complaint in contravention of Local Civil Rule 15; and (3) Mr. Li, J.L., and L.L. or their representatives failed to sign the amended complaint in violation of Federal Rule of Civil Procedure 11(a). (MTS at 4-8.) Ms. Chen opposes the motion but requests that the court

//

grant leave to amend the complaint against the City if leave of the court is required. (*See* Resp. at 4.) The court now addresses the motion.

### III.   ANALYSIS

**A.   Amendment of the Complaint**

Federal Rule of Civil Procedure 15 provides for amendment as of right once within 21 days of serving the complaint or after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). After that period of time passes, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiffs did not seek the court's leave to amend their complaint against the City despite the fact that the City answered the complaint on April 13, 2017—nearly four months before the amendment. (*See* Dkt. (showing Plaintiffs' failure to seek leave); FAC (filed on August 9, 2017)); *Chen*, No. C17-0569JLR, Dkt. # 5. Although the court subsequently consolidated the two actions, Plaintiffs were required to seek leave to amend their complaint against the City after 21 days of service or within 21 days of the City's answer. *See* Fed. R. Civ. P. 15(a)(1). The fact that Plaintiffs amended their complaint as of right against other defendants does not change the court's analysis as to the City. *See id.*; Fed. R. Civ. P. 15(a)(2); (*see* Resp. at 4 (stating that no answer had been filed under this cause number prior to or since consolidation).)

The court further declines at this time to rule on Ms. Chen's request for leave to amend against the City. (*See* Resp. at 4.) Although the court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), ruling on a motion to amend would be

premature because the parties have not fully briefed the issue (*see* Resp. at 5 (addressing only briefly why Ms. Chen should be permitted to amend her complaint against the City); Reply (Dkt. # 48) at 3-4 (objecting to leave to amend without the opportunity to fully address the issue).) For this reason, the court grants the City's motion to strike Plaintiffs' improperly filed amended complaint.[3] Should Plaintiffs wish to amend their claims against the City, they must bring a proper motion to amend pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rule 15.

**B.     Incorporation of Prior Complaint and Signatures on the Complaint**

Although the court has granted the motion to strike and therefore need not substantively address the City's argument that Plaintiffs' amended complaint is improper under Local Civil Rule 15, the court reminds Plaintiffs that "[t]he proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits." Local Rules W.D. Wash. LCR 15; (*see also* FAC ¶ 23 ("Attached hereto as Attachments A through C are the Complaints previously filed in the two consolidated actions before this [c]ourt, and a complaint filed in Superior Court of the State of Washington for King County. Plaintiffs re-allege each of the allegations stated therein, which allegations are fully incorporated into this Amended Complaint.").) Should Plaintiffs seek leave to amend, the court directs them to comply with Local Civil Rule 15.

---

[3] Ms. Chen mistakenly relies on case law instructing courts not to dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that further amendment could not cure the complaint's deficiencies. (Resp. at 4.) Ms. Chen is no longer proceeding *pro se*, and the court is not dismissing her complaint. Rather, the court merely requires Plaintiffs to bring a motion to amend their complaint against the City.

Similarly, whether Plaintiffs' amended complaint is properly signed under Federal Rule of Civil Procedure 11 is now moot. However, in recognition of the fact that Plaintiffs may move to amend, the court highlights that Federal Rule of Civil Procedure 11 requires "[e]very pleading . . . [to] be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Before moving to amend their complaint and providing the court with a proposed amended complaint, the court also directs Plaintiffs to carefully review the Federal Rules of Civil Procedure and case law applicable to suing on behalf of minor children. *See, e.g.*, *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); Fed. R. Civ. P. 17(c).

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the City's motion to strike (Dkt. # 33) Plaintiffs' amended complaint.

Dated this 16th day of October, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 6