HONORABLE JAMES L. ROBART

1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9 | SUSAN CHEN, et. al.,

10 |                Plaintiffs,

11 |   vs.

12 | NATALIE D'AMICO, et al.,

13 |                Defendants.

CIVIL ACTION NO. 16-cv-01877-JLR

MODEL STIPULATED PROTECTIVE ORDER

14

15

16 | 1.    PURPOSES AND LIMITATIONS

17      Discovery in this action is likely to involve production of confidential, proprietary, or

18 private information for which special protection may be warranted. Accordingly, the parties

19 hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

20 parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

21 protection on all disclosures or responses to discovery, the protection it affords from public

22 disclosure and use extends only to the limited information or items that are entitled to confidential

23 treatment under the applicable legal principles, and it does not presumptively entitle parties to file

24 confidential information under seal.

25 | 2.    "CONFIDENTIAL" MATERIAL

26      2.1    "Confidential" material shall include the following documents and tangible things

27 produced or otherwise exchanged:

STIPULATED PROTECTIVE ORDER - 1
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

a)   The complete Child Protective Services file of Naixiang Lian;

b)   The complete FamLink file of Naixiang Lian;

c)   The Hand in Hand Child Placing Agency file;

d)   The Brekke-Hastings Foster Home file;

e)   The Gonzarelli Foster Home file;

f)   The Hoekema Foster Home file;

g)   The Traverniti Foster Home file;

h)   The White Foster Home file; and

i)   Medical or health records, reports, documents, information or data; other documents or information containing confidential personal identifiers or other sensitive financial or personal information; and other similarly sensitive confidential, proprietary, or private material that is maintained in confidence, is not publicly available, and cannot be ascertained from publicly-available sources.

2.2   Confidential material subject to redaction from documents and other tangible things produced or otherwise exchanged, explanation for which shall appear in a legend, privilege log, or other written explanation shall include the following:

a)   Names and personal information of non-party minor children;

b)   Non-party social security numbers;

c)   Personal information contained in DSHS employee files and protected from disclosure under the Washington Public Records Act, R.C.W. 42.56.250;

d)   Attorney-client communications; and

e)   Attorney work product and matters prepared in anticipation of litigation.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

STIPULATED PROTECTIVE ORDER - 2
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   However, the protections conferred by this agreement do not cover information that is in the public

2   domain or becomes part of the public domain through trial or otherwise.

3   4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4           4.1      Basic Principles. A receiving party may use confidential material that is disclosed

5   or produced by another party or by a non-party in connection with this case only for prosecuting,

6   defending, or attempting to settle this litigation.  Confidential material may be disclosed only to

7   the categories of persons and under the conditions described in this agreement.  Confidential

8   material must be stored and maintained by a receiving party at a location and in a secure manner

9   that ensures that access is limited to the persons authorized under this agreement.

10          4.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

11  by the court or permitted in writing by the designating party, a receiving party may disclose any

12  confidential material only to:

13              (a)      the receiving party's counsel of record in this action, as well as employees

14  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

15              (b)      the officers, directors, and employees (including in house counsel) of the

16  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

17  agree that a particular document or material produced is for Attorney's Eyes Only and is so

18  designated;

19              (c)      experts and consultants to whom disclosure is reasonably necessary for this

20  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21              (d)      the court, court personnel, and court reporters and their staff;

22              (e)      copy or imaging services retained by counsel to assist in the duplication of

23  confidential material, provided that counsel for the party retaining the copy or imaging service

24  instructs the service not to disclose any confidential material to third parties and to immediately

25  return all originals and copies of any confidential material;

26              (f)      during their depositions, witnesses in the action to whom disclosure is

27  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

STIPULATED PROTECTIVE ORDER - 3
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER - 4
16-cv-01877-JLR

5.2   Manner and Timing of Designations.   Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)   Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

STIPULATED PROTECTIVE ORDER - 5
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

    If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

STIPULATED PROTECTIVE ORDER - 6
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1        (a)      promptly notify the designating party in writing and include a copy of the

2 subpoena or court order;

3        (b)      promptly notify in writing the party who caused the subpoena or order to

4 issue in the other litigation that some or all of the material covered by the subpoena or order is

5 subject to this agreement. Such notification shall include a copy of this agreement; and

6        (c)      cooperate with respect to all reasonable procedures sought to be pursued by

7 the designating party whose confidential material may be affected.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9      If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

10 material to any person or in any circumstance not authorized under this agreement, the receiving

11 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

12 (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

13 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

14 and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

15 Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

18      When a producing party gives notice to receiving parties that certain inadvertently

19 produced material is subject to a claim of privilege or other protection, the obligations of the

20 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

21 is not intended to modify whatever procedure may be established in an e-discovery order or

22 agreement that provides for production without prior privilege review. The parties agree to the

23 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. **NON TERMINATION AND RETURN OF DOCUMENTS**

25      Within 60 days after the termination of this action, including all appeals, each receiving

26 party must return all confidential material to the producing party, including all copies, extracts and

27 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

STIPULATED PROTECTIVE ORDER - 7
16-cv-01877-JLR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1      Notwithstanding this provision, counsel are entitled to retain one archival copy of all

2 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

4 product, even if such materials contain confidential material.

5      The confidentiality obligations imposed by this agreement shall remain in effect until a

6 designating party agrees otherwise in writing or a court orders otherwise.

7      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8      DATED:  February 14, 2018.

9

10 DORSEY & WHITNEY LLP                    OGDEN MURPHY WALLACE, PLLC

11 /s/ Shawn Larsen-Bright                       /s/ Aaron P. Riensche, per email auth.
Shawn Larsen-Bright, WSBA # 37066          Aaron P. Riensche, WSBA No. 37202
12 Nathan Alexander, WSBA #37040              Geoff J. M. Bridgman, WSBA No. 25242
T. Augustine Lo, WSBA # 48060              Daniel F. Shickich, WSBA No. 46479
13 Sarah Cox, WSBA #46703                     901 5th Ave., Ste. 3500
14 701 Fifth Avenue, Suite 6100               Seattle, WA  98164-2008
Seattle, WA 98104                          Tel. 206-447-7000
15 Tel. 206-903-8800                          E: ariensche@omwlaw.com
E: larsen.bright.shawn@dorsey.com          E: gbridgman@omwlaw.com
16 E: alexander.nathan@dorsey.com             E: dshickich@omwlaw.com
17 E: lo.augustine@dorsey.com                 Counsel for Defendants City of Redmond,
E: cox.sarah@dorsey.com                    Natalie D'Amico, Redmond Police
18 Court-Appointed Attorneys for Plaintiff Susan   Department, Ron Gibson, and Kristi Wilson
Chen, individually, and as FRCP 17 Guardian
19 Ad Litem for Plaintiff JL

20

21 MYERS & COMPANY, PLLC                    ASSISTANT ATTORNEY GENERAL

22 /s/ Michael David Myers, per email auth.      /s/ Scott M. Barbara, per email auth.
Michael David Myers, WSBA No. 22486        Scott M. Barbara, WSBA No. 20885
23 1530 Eastlake Avenue East                  Torts Division, Seattle
Seattle, Washington 98102                  800 5th Ave., Ste. 2000
24 Tel. (206) 398-1188                        Seattle, WA  98104
25 E: mmyers@myers-company.com                Tel. (206) 389-2033
Attorneys for Plaintiff Naixiang Lian,     E: scottb2@atg.wa.gov
26 individually, and as FRCP 17 Guardian Ad   Counsel for DSHS, Kimberly Danner,
Litem for Plaintiff LL                     Timothy Earwood, Jill Kegel, Bill Moss,
27                                            Kevin Quigley, and Tom Soule

STIPULATED PROTECTIVE ORDER - 8                    **DORSEY & WHITNEY LLP**
16-cv-01877-JLR                                    701 FIFTH AVENUE, SUITE 6100
                                                   SEATTLE, WA 98104-7043
                                                   PHONE: (206) 903-8800
                                                   FAX: (206) 903-8820

1     PURSUANT TO STIPULATION, IT IS SO ORDERED.

2     IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3 documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

4 in any other court, constitute a waiver by the producing party of any privilege applicable to those

5 documents, including the attorney-client privilege, attorney work-product protection, or any other

6 privilege or protection recognized by law.

7     DATED: This 15th day of February, 2018.

8

9                THE HONORABLE JAMES L. ROBART

10               UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER - 9
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Western District of Washington on ~~[date]~~ February 15, 2018, in the case of

Chen, et al. v. D'Amico, et al., C16-1877 JLR

_____ ~~[insert formal name of the case and the number and initials assigned to it by~~

~~the court]~~. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 10
16-cv-01877-JLR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Aaron P. Riensche, WSBA No. 37202<br>Geoff J. M. Bridgman, WSBA No. 25242<br>Daniel F. Shickich, WSBA No. 46479<br>OGDEN MURPHY WALLACE, PLLC<br>901 5th Ave., Ste. 3500<br>Seattle, WA 98164-2008<br>T: 206-447-7000<br>F: 206-447-0215<br>E: ariensche@omwlaw.com<br>E: gbridgman@omwlaw.com<br>E: dshickich@omwlaw.com<br>*Counsel for Defendants City of Redmond, Natalie D'Amico, Redmond Police Department, Ron Gibson, and Kristi Wilson* | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Michael David Myers, WSBA No. 22486<br>MYERS & COMPANY, PLLC<br>1530 Eastlake Avenue East<br>Seattle, Washington 98102<br>Tel. (206) 398-1188<br>E: mmyers@myers-company.com<br>*Attorneys for Plaintiff Naixiang Lian, individually, and as FRCP 17 Guardian Ad Litem for LL* | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Scott M. Barbara, WSBA No. 20885<br>ASSISTANT ATTORNEY GENERAL<br>Torts Division, Seattle<br>800 5th Ave., Ste. 2000<br>Seattle, WA 98104<br>Phone: (206) 389-2033 / 206-464-7352<br>Fax: (206) 587-4229<br>E: scottb2@atg.wa.gov<br>CC: JenniferO@ATG.WA.GOV<br>CC: MonicaT@ATG.WA.GOV<br>*Counsel for DSHS, Kimberly Danner, Timothy Earwood, Jill Kegel, Bill Moss, Kevin Quigley, and Tom Soule* | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

Dated this 14th day of February, 2018.

/s/ *Molly Price*
Molly Price

STIPULATED PROTECTIVE ORDER - 11
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820