HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN CHEN, et. al.,

              Plaintiffs,

vs.

NATALIE D'AMICO, et al.,

              Defendants.

CIVIL ACTION NO. 16-cv-01877-JLR

**MODEL AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[~~PROPOSED~~] ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.**    **General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.**    **ESI Disclosures**

Within 30 days after this Order is entered, each party shall disclose:

ESI AGREEMENT AND ORDER - 1
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1.      Custodians. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). [Section (C)(3)(a)(i) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.]

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.      All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

3.     Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.     Deleted, slack, fragmented, or other data only accessible by forensics.

    b.     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.     On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d.     Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e.     Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f.     Server, system or network logs.

    g.     Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h.     Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.     Privilege**

1.     With respect to privileged or work-product information generated after the filing of the complaints, parties are not required to include any such information in privilege logs. For clarity, the plaintiffs need not log otherwise responsive privileged or work product information generated after the date any complaint was filed by any of them against any of the defendants in this action, and the defendants need not log otherwise responsive privileged or work product information generated after the date any complaint was filed against him, her, or it by any of the plaintiffs in this action.

2.     Activities undertaken in compliance with the duty to preserve information are protected

ESI AGREEMENT AND ORDER - 3
16-cv-01877-JLR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

2  3.      Information produced in discovery that is protected as privileged or work product shall

3  be immediately returned to the producing party, and its production shall not constitute a waiver

4  of such protection, if: (i) such information appears on its face to have been inadvertently produced

5  or (ii) the producing party provides notice within 15 days of discovery by the producing party of

6  the inadvertent production.

7  **E.      ESI Discovery Procedures**

8          1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted

9  absent a demonstration by the requesting party of specific need and good cause or by agreement

10 of the parties.

11         2.      <u>Search methodology.</u> The parties shall timely attempt to reach agreement on

12 appropriate custodians and search terms, or an appropriate computer- or technology-aided

13 methodology, before any such effort is undertaken. The parties shall continue to cooperate in

14 revising the appropriateness of the search terms or computer- or technology-aided methodology.

15 In the absence of agreement on appropriate search terms, or an appropriate computer- or

16 technology-aided methodology, the following procedures shall apply:

17              a.      A producing party shall disclose the search terms or queries, if any, and

18 methodology that it proposes to use to locate ESI likely to contain discoverable information. The

19 parties shall meet and confer to attempt to reach an agreement on the producing party's search

20 terms and/or other methodology.

21              b.      If search terms or queries are used to locate ESI likely to contain

22 discoverable information, a requesting party is entitled to no more than 5 additional terms or

23 queries to be used in connection with further electronic searches absent a showing of good cause

24 or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the

25 requesting party within 30 days of receipt of the producing party's disclosure to the requesting

26 party of its search terms/queries and methodology.

27              c.      Focused terms and queries should be employed; broad terms or queries,

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   such as product and company names, generally should be avoided.  Absent a showing of good

2   cause, each search term or query returning more than 250 megabytes of data are presumed to be

3   overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file

4   types.

5        d.   The producing party shall search both non-custodial data sources and ESI

6   maintained by the custodians identified above.

7        3.   Format. The parties agree that ESI will be produced to the requesting party with

8   searchable text, in a format to be decided between the parties. Acceptable formats include, but are

9   not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file),

10   single-page TIFFs (only with load files for e-discovery software that includes metadata fields

11   identifying natural document breaks and also includes companion OCR and/or extracted text

12   files),and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily

13   converted to image format, such as spreadsheet, database and drawing files, should be produced

14   in native format.

15        4.   De-duplication.   The parties may de-duplicate their ESI production across

16   custodial and non-custodial data sources after disclosure to the requesting party.

17        5.   Metadata fields. If the requesting party seeks metadata, the parties agree that only

18   the following metadata fields need be produced, unless otherwise agreed: document type;

19   custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name

20   and size; original file path; date and time created, sent, modified and/or received; and hash value.

21

22

23

24

25

26

27

ESI AGREEMENT AND ORDER - 5
16-cv-01877-JLR

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED: February 14, 2018.

3

4    DORSEY & WHITNEY LLP            OGDEN MURPHY WALLACE, PLLC

5    */s/ Shawn Larsen-Bright*              */s/ Aaron P. Riensche, per email auth.*
     Shawn Larsen-Bright, WSBA # 37066     Aaron P. Riensche, WSBA No. 37202

6    Nathan Alexander, WSBA #37040       Geoff J. M. Bridgman, WSBA No. 25242
     T. Augustine Lo, WSBA # 48060        Daniel F. Shickich, WSBA No. 46479

7    Sarah Cox, WSBA #46703             901 5th Ave., Ste. 3500
     701 Fifth Avenue, Suite 6100         Seattle, WA  98164-2008

8    Seattle, WA 98104               Tel. 206-447-7000
     Tel. 206-903-8800                E: ariensche@omwlaw.com

9    E: larsen.bright.shawn@dorsey.com     E: gbridgman@omwlaw.com

10   E: alexander.nathan@dorsey.com      E: dshickich@omwlaw.com
     E: lo.augustine@dorsey.com          *Counsel for Defendants City of Redmond,*

11   E: cox.sarah@dorsey.com           *Natalie D'Amico, Redmond Police*
     *Court-Appointed Attorneys for Plaintiff Susan*  *Department, Ron Gibson, and Kristi Wilson*

12   *Chen, individually, and as FRCP 17 Guardian*
     *Ad Litem for Plaintiff JL*

13

14

15   MYERS & COMPANY, PLLC          ASSISTANT ATTORNEY GENERAL

16   */s/ Michael David Myers, per email auth.*    */s/ Scott M. Barbara, per email auth.*
     Michael David Myers, WSBA No. 22486   Scott M. Barbara, WSBA No. 20885

17   1530 Eastlake Avenue East         Torts Division, Seattle
     Seattle, Washington 98102         800 5th Ave., Ste. 2000

18   Tel. (206) 398-1188             Seattle, WA  98104
     E: mmyers@myers-company.com     Tel. (206) 389-2033

19   *Attorneys for Plaintiff Naixiang Lian,*    E: scottb2@atg.wa.gov

20   *individually, and as FRCP 17 Guardian Ad*  *Counsel for DSHS, Kimberly Danner,*
     *Litem for Plaintiff LL*            *Timothy Earwood, Jill Kegel, Bill Moss,*

21                              *Kevin Quigley, and Tom Soule*

22

23

24

25

26

27

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

**ORDER**

2    Based on the foregoing, IT IS SO ORDERED.

3    DATED: this 15th day of February, 2018.

4

5                THE HONORABLE JAMES L. ROBART

6                UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ESI AGREEMENT AND ORDER - 7
16-cv-01877-JLR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

## CERTIFICATE OF SERVICE

2
I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

3

| | |
|---|---|
| Aaron P. Riensche, WSBA No. 37202<br>Geoff J. M. Bridgman, WSBA No. 25242<br>Daniel F. Shickich, WSBA No. 46479<br>OGDEN MURPHY WALLACE, PLLC<br>901 5th Ave., Ste. 3500<br>Seattle, WA  98164-2008<br>T: 206-447-7000<br>F: 206-447-0215<br>E: ariensche@omwlaw.com<br>E: gbridgman@omwlaw.com<br>E: dshickich@omwlaw.com<br>*Counsel for Defendants City of Redmond,<br>Natalie D'Amico, Redmond Police<br>Department, Ron Gibson, and Kristi Wilson* | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Michael David Myers, WSBA No. 22486<br>MYERS & COMPANY, PLLC<br>1530 Eastlake Avenue East<br>Seattle, Washington 98102<br>Tel. (206) 398-1188<br>E: mmyers@myers-company.com<br>*Attorneys for Plaintiff Naixiang Lian,<br>individually, and as FRCP 17 Guardian Ad<br>Litem for LL* | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Scott M. Barbara, WSBA No. 20885<br>ASSISTANT ATTORNEY GENERAL<br>Torts Division, Seattle<br>800 5th Ave., Ste. 2000<br>Seattle, WA  98104<br>Phone: (206) 389-2033 / 206-464-7352<br>Fax: (206) 587-4229<br>E: scottb2@atg.wa.gov<br>CC: JenniferO@ATG.WA.GOV<br>CC: MonicaT@ATG.WA.GOV<br>*Counsel for DSHS, Kimberly Danner,<br>Timothy Earwood, Jill Kegel, Bill Moss,<br>Kevin Quigley, and Tom Soule* | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

Dated this 14th day of February, 2018.

*/s/Molly Price*
Molly Price

ESI AGREEMENT AND ORDER - 8
16-cv-01877-JLR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820