UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN CHEN, et al.,

        Plaintiffs,

v.

NATALIE D'AMICO, et al.,

        Defendants.

CASE NO. C16-1877JLR

ORDER ON PLAINTIFFS'
MOTION FOR RELIEF

## I. INTRODUCTION

Before the court is Plaintiffs Susan (Shiying) Chen, Naixing (Nash) Lian, J.L., and L.L.'s (collectively, "Plaintiffs") motion, requesting relief under Federal Rule of Civil Procedure 56(d), expedited consideration of its motion, and that the court strike pending response deadlines. (Mot. (Dkt. # 116).) Defendants City of Redmond ("the City"), Redmond Police Department ("RPD"), RPD Detective Natalie D'Amico, former RPD Chief Ron Gibson, and former RPD Assistant Chief Kristi Wilson (collectively, "City Defendants") moved for summary judgment on all claims Plaintiffs alleged against City

Defendants. (*See* Chen MSJ (Dkt. # 106); Lian MSJ (Dkt. # 108).) Plaintiffs claim that they need more time to complete the discovery necessary to address City Defendants' motions for summary judgment. (*See* Mot.) City Defendants oppose Plaintiffs' motion (Resp. (Dkt. # 119)), and Plaintiffs filed a reply (Reply (Dkt. # 120)). The court has considered Plaintiffs' motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Plaintiffs' motion for relief under Rule 56(d) as described herein, and DENIES as moot Plaintiffs' request for expedited consideration and motion to strike response deadlines.

## II. BACKGROUND

According to Plaintiffs, Ms. Chen and Mr. Lian are the parents of J.L. and L.L. (FAC (Dkt. # 96) ¶¶ 3-7.) J.L. was born in 2008, and L.L. was born in 2010. (*Id.* ¶¶ 6-7.) In 2012, J.L. was diagnosed with gastrointestinal ("GI") problems and Autism Spectrum Disorder. (*Id.* ¶¶ 24-25.) In late October 2013, J.L. suffered significant GI problems for which Ms. Chen and Mr. Lian took him to numerous medical providers. (*Id.* ¶¶ 34-42.) One of the medical providers referred J.L.'s case to the Washington State Department of Social and Health Services' ("DSHS") Child Protective Services ("CPS"). J.L. and L.L. were subsequently placed into protective custody. (*Id.* ¶¶ 42-44, 48-50.)

//

//

---

[1] Plaintiffs request oral argument on the motion (*see* Mot. at 1), but the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

DSHS eventually terminated its dependency actions regarding J.L. and L.L. and returned the children to their parents. (Mot. at 3.)

Detective D'Amico led an investigation into Plaintiffs' case, including possible child neglect by Ms. Chen. (FAC ¶¶ 81-90; Chen MSJ at 2-4.) City Defendants explain that, as part of the investigation, Detective D'Amico obtained medical records from J.L.'s medical providers. (Chen MSJ at 3-4.) Detective D'Amico drafted a report of her findings and gave her investigative file to the King County Prosecuting Attorney's Office ("KCPAO"). (*Id.* at 4.) On December 9, 2013, Detective D'Amico signed a probable cause affidavit to file criminal charges against Ms. Chen. (*Id.*; FAC ¶¶ 101-13.) Plaintiffs allege that Detective D'Amico made a number of statements in the probable cause affidavit that were "materially misleading" or "deliberately indifferent" to the truth. (FAC ¶¶ 102-08.)

On January 31, 2014, the KCPAO charged Ms. Chen with one count of criminal mistreatment in the second degree. (Chen MSJ at 4.) Ms. Chen was arraigned on February 18, 2014. (*Id.*) However, on September 19, 2014, the KCPAO dropped the criminal case against Ms. Chen. (*Id.* at 4-6.) No criminal charges were filed against Mr. Lian. (*Id.* at 21-22.)

Plaintiffs originally brought this action *pro se* in December 2016. (*See* Dkt.) In June 2017, the court appointed Plaintiffs *pro bono* counsel. (*See* 6/13/17 Am. Order (Dkt. # 15).) After extensive motions practice on the pleadings, in March 2018, the court granted in part and denied in part City Defendants' motion to dismiss Plaintiffs' claims and granted Plaintiffs leave to amend. (*See generally* 3/27/18 Order (Dkt. # 90); *see also*

10/16/17 Order (Dkt. # 53); 11/30/17 Order (Dkt. # 73).) Plaintiffs filed the operative amended complaint on July 30, 2018. (*See* FAC.)

In September 2018, the parties jointly requested that the court extend the case schedule. (*See* Stip. Mot. (Dkt. # 100).) The parties based their request on a number of factors, including: "despite reasonable good faith efforts, document discovery has taken the Parties longer than initially expected," and "based on discovery to date, the Parties anticipate a significant number of depositions need to be taken to prepare this case for trial." (*Id.* at 1-2.) The court held a hearing on the stipulated motion and entered a new case schedule. (*See* Min. Entry (Dkt. # 101); Am. Case Schedule (Dkt. # 102).) Under the new case schedule, the discovery cutoff date is September 16, 2019, the dispositive motions cutoff date is October 15, 2019, and trial begins on January 13, 2020. (Am. Case Schedule at 1.)

On November 29, 2018, City Defendants brought two motions for summary judgment on all seven of Plaintiffs' claims that are relate to them. (*See* Chen MSJ; Lian MSJ.)[2] Six of these claims are for various constitutional violations pursuant to 42 U.S.C. § 1983: (1) unlawful arrest; (2) fabrication/withholding of evidence; (3) selective enforcement; (4) malicious prosecution; (5) substantive due process; and (6) procedural due process. (*See* FAC ¶¶ 132-208.) Plaintiffs' seventh claim alleges malicious prosecution under Washington State law. (*Id.* ¶¶ 221-40.) On December 2, 2018, Plaintiffs asked City Defendants for a three-month continuance to respond to the motions

---

[2] City Defendants brought separate motions for summary judgment against Ms. Chen (*see* Chen MSJ) and Mr. Lian, J.L., and L.L. (*see* Lian MSJ).

for summary judgment "to allow appropriate discovery to be completed." (Larsen-Bright Decl. (Dkt. # 117) ¶ 17.) City Defendants refused. (*Id.*) On December 6, 2018, Plaintiffs brought the present motion, requesting relief under Federal Rule of Civil Procedure 56(d). (*See* Mot.) Specifically, Plaintiffs ask the court to (1) deny the City Defendants' motions for summary judgment "without prejudice to refiling once adequate and appropriate discovery has been completed," and (2) strike the December 17, 2018, deadlines for responding to the City Defendants' motions. (*Id.* at 3.) Plaintiffs also request expedited consideration of the motion. (*Id.*)

## III. ANALYSIS

### A. Federal Rule of Civil Procedure 56(d) Standard

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th

Cir. 2002). A Rule 56(d) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f)[3] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (footnote added)).

**B.     Plaintiffs' Motion**

Three of the four Rule 56(d) requirements can be addressed briefly. *See VISA*, 784 F.2d at 1475. First, there is no dispute that Plaintiffs' motion is timely because it was filed within the time Plaintiffs' had to oppose City Defendants' summary judgment motions. (*See* Chen MSJ (noted for December 21, 2018); Mot. (filed December 6, 2018)); *see also IVC Highlands TT, LLC v. DirectBuy, Inc.*, C16-0327RAJ, 2016 WL 3690127, at *2 (W.D. Wash. July 12, 2016) (stating that a "request [is] timely if made

//

//

---

[3] Effective December 1, 2010, Federal Rule of Civil Procedure 56(f) was renumbered 56(d). The Advisory Committee's notes to Rule 56 with regard to the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." *See* Fed. R. Civ. P. 56 Advisory Comm. Notes.

prior to the summary judgment hearing" (citations and quotations omitted)). City Defendants do not dispute this factor. (*See generally* Resp.)

Second, Plaintiffs specifically identify the discovery they intend to conduct. *See VISA*, 784 F.2d at 1475; (Larsen-Bright Decl. ¶¶ 18-22.) For example, Plaintiffs seek deposition testimony from Detective D'Amico. (*Id.* ¶ 19.) Plaintiffs represent that Detective D'Amico's deposition will "focus heavily on her investigation" of Plaintiffs, including her decision making, her probable cause affidavit, her interactions with the KCPAO, her consideration of J.L.'s autism diagnosis, and her role in DSHS's dependency hearings. (*Id.*) Plaintiffs also seek deposition testimony from Carla Carlstrom, the KCPAO prosecutor who decided to bring charges against Ms. Chen. (*Id.* ¶ 20; *see also* Carlstrom Decl. (Dkt. # 111) ¶ 3.) Plaintiffs represent that they will depose Ms. Carlstrom (or another KCPAO prosecutor) about her involvement in bringing and dropping the criminal case against Ms. Chen, her interactions with Detective D'Amico, as well as her general experience and expectations in interacting with police officers and relying on probable cause affidavits. (Larsen-Bright Decl. ¶ 20.) In addition, Plaintiffs intend to depose a Federal Rule of Civil Procedure 30(b)(6) witness from the City regarding the City's knowledge of Detective D'Amico's investigation and decisions, as well as how Detective D'Amico's actions relate to the City's standard procedures and practices. (*Id.* ¶ 21.) Lastly, Plaintiffs intend to depose a number of J.L.'s medical providers. (*Id.* ¶ 22.) Plaintiffs single out Dr. Hatha Gbedawo and Dr. John Green, who Plaintiffs claim have knowledge of J.L.'s dietary needs, as well as Dr. Hal Quinn, who was the doctor identified as J.L.'s primary care provider following his removal from the

home. (*Id.*) Plaintiffs will question J.L.'s medical providers about their interactions with Detective D'Amico, among other things. (*Id.*) Plaintiffs represent that these depositions are "just of sampling of the relevant, specific evidence that Plaintiffs intend to seek to answer the [motions for summary judgment] fully." (*Id.* ¶ 23.)

Third, City Defendants do not dispute that this information "actually exists." *See VISA*, 784 F.2d at 1475; (*see generally* Resp.)

Before turning to the fourth Rule 56(d) requirement—whether the information Plaintiffs have identified is relevant to the City Defendants' summary judgment arguments, *see VISA*, 784 F.2d at 1475—the court addresses whether Plaintiffs have diligently pursued this evidence. Again, if the four requirements are met, "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773-74 (9th Cir. 2003). City Defendants intimate that Plaintiffs have "not diligently pursued discovery of the evidence" they seek because this case has been pending for two years, and Plaintiffs did not serve written discovery until 15 months after they filed their original complaint and eight months after the court appointed *pro bono* counsel. (Resp. at 1-2.)

The court finds that any delay in Plaintiffs' discovery falls short of the lack of diligence necessary to forestall granting a continuance "as a matter of course." *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773-74. Plaintiffs detailed their discovery efforts to date, which include extensive written discovery, numerous requests to schedule depositions, and many discovery conferences between the parties. (*See* Larsen-Bright

Decl. ¶¶ 4-17.) The parties also cited their "good faith efforts" to complete discovery and the "significant number of depositions" needed as grounds to extend the case schedule. (*See* Stip. Mot. at 1-2.) In light of the new case schedule, discovery does not close for another seven months. (*See* Am. Case Schedule at 1.) Nonetheless, before Plaintiffs were able to complete any depositions, and while the parties were in the midst of resolving discovery issues and negotiating 30(b)(6) topics, City Defendants filed their two motions for summary judgment. (*See* Larsen-Bright Decl. ¶¶ 15-17.) On these facts, the court finds that Plaintiffs have diligently pursued the discovery they seek. *See Volvo Const. Equip. N.A., LLC v. Clyde/West, Inc.*, C14-0534JLR, 2014 WL 5365454, at *4 (W.D. Wash. Oct. 20, 2014) (citing the fact that discovery did not close for seven months and that the party had "participated affirmatively in discovery" as bases for granting Rule 56(d) relief.)

The heart of City Defendants' opposition, however, is that Plaintiffs' requested discovery is not relevant to, or cannot defeat, the claims in City Defendants' motions for summary judgment. (*See generally* Resp.) The court now addresses this argument.

      1. Malicious Prosecution

To prove a malicious prosecution cause of action, a plaintiff must prove the following elements:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. Although

> all elements must be proved, malice and want of probable cause constitute the gist of a malicious prosecution action.

*Hanson v. City of Snohomish*, 852 P.2d 295, 298 (Wash. 1993). "[P]robable cause is a complete defense to an action for malicious prosecution." *Id.*

City Defendants cite a number of alleged "undisputed" facts, which they argue establish that there was probable cause to charge Ms. Chen, thus defeating Plaintiffs' malicious prosecution claims. (*Id.* at 3-4.) City Defendants assert that probable cause "is a question of law to be determined by the court." (*Id.* at 3 (citing *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993)).) But the court should not determine probable cause at the summary judgment stage if a genuine issue of material fact exists. *Act Up!/Portland*, 988 F.2d at 873 (9th Cir. 1993). Here, Plaintiffs disagree with City Defendants' characterization of the facts as "undisputed." (*See* Reply at 4.) And it is clear that at least the deposition of Detective D'Amico—the person who signed the probable cause affidavit—will provide relevant information that is essential to opposing the City Defendants' motion.

2. Presumption of Prosecutorial Independence

City Defendants second ground for summary judgment is directed at Plaintiffs' four 42 U.S.C. § 1983 claims brought against Detective D'Amico. (*See* Chen MSJ at 6-11; Resp. at 5.) These claims include unlawful arrest, fabrication/withholding of evidence, selective enforcement, and malicious prosecution. (*Id.*) City Defendants argue that they are entitled to summary judgment on these claims because of the presumption of prosecutorial independence. (*Id.*)

Typically in constitutional tort cases, "[t]he filing of a criminal complaint immunizes investigating officers . . . because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." (Resp. at 5 (quoting *Caldwell v. City & Cty. of S.F.*, 889 F.3d 1105, 1115 (9th Cir. 2018)). City Defendants argue that Detective D'Amico is immune from prosecution on these four 42 U.S.C. § 1983 claims under this doctrine even if her affidavit contained misinformation. (*Id.* at 5-6.) In so arguing, City Defendants imply that the only time this presumption "has been rebutted by misinformation in officers' reports [is when] the reports have been the only source of information." (*Id.* (citing cases).) City Defendants cite Ms. Carlstrom's declaration, which states that her decision to file the criminal case against Ms. Chen was the result of her "independent professional judgment based on [her] thorough review of the evidence available to [her], including a review of the available medical records." (*Id.* at 6 (citing Carlstrom Decl. ¶ 7).) Thus, City Defendants argue, because there is irrefutable proof that the KCPAO prosecutors relied on information outside of Detective D'Amico's report and affidavit, Plaintiffs cannot overcome the presumption of prosecutorial independence, and Detective D'Amico is immune from these charges. (*Id.*)

City Defendants mischaracterize the law. It is incorrect that Plaintiffs, as a matter of law, cannot overcome the presumption of prosecutorial independence simply because the KCPAO relied on documents outside of Detective D'Amico's report and affidavit. The cases City Defendants cite declare no such rule. *See, e.g.*, *Barlow v. Ground*, 943 F.2d 1132, 1137 (9th Cir. 1991) (considering the fact that the prosecutor had only the

officers' reports available when deciding to bring charges as one of four reasons the presumption did not apply). In fact, the court in *Caldwell* found that the plaintiffs had overcome the presumption of prosecutorial independence even though the prosecutor considered evidence outside of the officers' reports. 889 F.3d at 1111, 1115 (explaining that district attorney authorized charges "after reviewing all evidence available to him" and after he "interviewed a number of witnesses"). Thus, the fact that the KCPAO considered files outside of Detective D'Amico's report and affidavit does not, as a matter of law, immunize Detective D'Amico from liability under 42 U.S.C. § 1983. Whether City Defendants are correct that this presumption applies is a question of fact and the discovery Plaintiffs seek might provide relevant information that is essential to Plaintiffs opposing City Defendants' motion.

    3. <u>Qualified Immunity</u>

City Defendants also argue that they are entitled to summary judgment because Detective D'Amico is entitled to qualified immunity on all of Plaintiffs' 42 U.S.C. § 1983 claims. (Chen MSJ at 11-24; Resp. at 6-9.) Police officers "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether a police officer is entitled to qualified immunity, the court must decide: (1) whether the facts that the plaintiff alleges assert a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time the defendant engaged in the misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (discussing *Saucier v. Katz*,

533 U.S. 194, 201 (2001)). City Defendants' qualified immunity argument varies as to each of Plaintiffs' causes of action. (*See id.*) Regardless, City Defendants' arguments rest in large part on questions of fact, about which Plaintiffs have not had a sufficient opportunity to conduct discovery.

For example, City Defendants argue that Detective D'Amico is entitled to qualified immunity on Plaintiffs' unlawful arrest claim because Detective D'Amico's probable cause affidavit was sufficient and because Plaintiffs cannot prove that any alleged omission or misrepresentation was material. (Resp. at 6-7.) Likewise, City Defendants argue that Plaintiffs cannot establish their selective enforcement claim because "several factors" justified charging Ms. Chen but not Mr. Lian. (*Id.* at 8.) But these are all questions of fact that Plaintiffs' discovery targets and for which Plaintiffs have not had a sufficient opportunity to conduct discovery. The court concludes that the information Plaintiffs seek is relevant and essential to opposing the arguments in City Defendants' motions.

**C.    Summary**

The court finds that Plaintiffs' Rule 56(d) motion meets all four requirements set forth by the Ninth Circuit. *See Clorox*, 353 F.3d at 1129. Plaintiffs' motion is timely because it was filed within the time they had to oppose City Defendants' summary judgment motions. Additionally, the motion specifically identifies the information that Plaintiffs seek, the information is relevant to City Defendants' arguments on summary judgment, and the parties do not dispute that the information exists. "The Supreme Court has made clear that Rule 56(d) requires, rather than merely permits, discovery where the

nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Volvo*, 2014 WL 5365454, at *4 (citing *Metabolife Int'l*, 264 F.3d at 846). Although some of City Defendants' arguments may in fact be appropriate for a determination on summary judgment without additional discovery, the court finds that it will be more efficient to deal with City Defendants' entire summary judgment motions at one time, rather than take a piecemeal approach to resolving them. *Cf. Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.'" (internal citation omitted)).

Under Rule 56(d), "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Here, the court concludes that Plaintiffs' request to dismiss City Defendants' motions without prejudice to refiling is not appropriate. (*See* Mot. at 3.) Instead, the court concludes that an extension of 60 days is adequate to allow Plaintiffs to gather the information essential to opposing City Defendants' summary judgment motions. The court therefore re-notes City Defendants' summary judgment motions to April 19, 2019. Plaintiffs are entitled to file new responses to City Defendants' summary judgment motions in accordance with the local rules. *See* Local Rules W.D. Wash. LCR 7(d)(3). Likewise, City Defendants may file new replies to their motions for summary judgment. *See id.* Thus, the court GRANTS in part and DENIES in part Plaintiffs' request for relief under Rule 56(d).

//

**D.     Motions for Expedited Consideration and to Strike Response Deadline**

Plaintiffs request that the court decide their motion before the December 17, 2018, deadline for Plaintiffs' responses to City Defendants' motions for summary judgment. (Mot. at 3.) Likewise, Plaintiffs request that the court strike the December 17, 2018, response deadlines. (*Id.*) The time has passed for the requested relief and the court therefore DENIES these requests as moot.

## IV.     CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiffs' motion for relief under Rule 56(d), and DENIES as moot Plaintiffs' request for expedited consideration and to strike response deadlines. (Dkt. # 116.) The court also DIRECTS the Clerk to re-note City Defendants' summary judgment motions for April 19, 2019. (Dkt. ## 106, 108.)

Dated this 13th day of February, 2019.

JAMES L. ROBART
United States District Judge