UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al., <br><br> Plaintiffs, <br> v. <br><br> NATALIE D'AMICO, et al., <br><br> Defendants. | CASE NO. C16-1877JLR <br><br> ORDER DENYING MOTIONS FOR RECONSIDERATION |

## I. INTRODUCTION

Before the court are: (1) Plaintiff Susan (Shiying) Chen's motion for reconsideration of the court's order on the parties' motions for summary judgment (Chen MFR (Dkt. # 171); *see also* 5/24/19 Order (Dkt. # 170)); and (2) Plaintiffs Naixing (Nash) Lian, J.L., and L.L.'s (collectively, "Mr. Lian," unless otherwise specified) motion for reconsideration of the court's order on the parties' motions for summary

//
//

judgment (Lian MFR (Dkt. # 172)).¹ In this order, the court refers to Ms. Chen, Mr. Lian, J.L., and L.L. collectively as "Plaintiffs." Defendants City of Redmond ("the City") and Natalie D'Amico (collectively, "City Defendants") filed responses to the motions (*see* Chen Resp. (Dkt. # 175); Lian Resp. (Dkt. # 174)), and Plaintiffs filed replies (*see* Chen Reply (Dkt. # 176); Lian Reply (Dkt. # 177)). The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,² the court DENIES Ms. Chen's motion for reconsideration and DENIES Mr. Lian's motion for reconsideration.

## II. BACKGROUND

The court detailed this case's factual and procedural history in its May 24, 2019, order. (*See* 5/24/19 Order at 2-16.) The parties do not dispute the court's recitation of the facts. (*See generally* Chen MFR; Chen Resp.; Lian MFR; Lian Resp.) The court therefore incorporates that discussion into this order.

Plaintiffs allege various constitutional violations against City Defendants, as well as a claim for malicious prosecution under Washington State law. (*See* FAC (Dkt. # 96)

---

¹ Mr. Lian's motion for reconsideration states that he is the legal guardian ad litem "in this litigation only for L[.]L." (Lian MFR at 6.) At other points of the motion, however, Mr. Lian maintains that he brings the motion on behalf of himself, J.L., and L.L. (*See id.* at 1 (titling motion: "PLAINTIFFS NAIXING LIAN, J.L., AND L.L.'S MOTION FOR RECONSIDERATION").) Further, Ms. Chen brings her motion only on behalf of herself. (*See* Chen MFR.) The court therefore groups Mr. Lian with J.L. and L.L. for purposes of the motions for reconsideration.

² Ms. Chen requests oral argument on her motion (*see* Chen MFR at 1), but the court determines that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4). No party requests oral argument on Mr. Lian's motion. (*See* Lian MFR; Lian Resp.) Accordingly, the court decides the motions without oral argument.

¶¶ 132-208; 221-40.) City Defendants brought two motions for summary judgment concerning these claims, as well as a malicious prosecution counterclaim. (*See* 1st MSJ (Dkt. # 106); 2d MSJ (Dkt. # 108); Countercl. (Dkt. # 97) at 23-28.) Plaintiffs filed a motion for summary judgment on City Defendants' malicious prosecution counterclaim. (*See* 3d MSJ (Dkt. # 141).)

On May 24, 2019, the court issued an order on the summary judgment motions. (*See* 5/24/19 Order.) Pursuant to that order—and as relevant to the motions for reconsideration—the court denied Plaintiffs' motion for summary judgment on City Defendants' malicious prosecution counterclaim (*see id.* at 58-60) and determined that there was probable cause that Ms. Chen committed criminal mistreatment in the second degree pursuant to RCW 9A.42.030 (*see, e.g.*, *id.* at 22-25). Plaintiffs now move the court to reconsider these findings. The court will address Plaintiffs' arguments in turn.

### III. ANALYSIS

**A. Legal Standard**

"Motions for reconsideration are disfavored." *See* Local Rules W.D. Wash. LCR 7(h)(1). Ordinarily, the court will deny such motions in the absence of a showing of (1) "manifest error in the prior ruling," or (2) "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id*.

**B. Malicious Prosecution**

The court granted Plaintiffs' motion for summary judgment on City Defendants' malicious prosecution counterclaim as it relates to Ms. Chen's judicial deception, deliberate fabrication, selective enforcement, and malicious prosecution claims. (*See*

5/24/19 Order at 59.)  However, the court denied Plaintiffs' motion for summary judgment on City Defendants' malicious prosecution counterclaim as it relates to Plaintiffs' substantive and procedural due process claims.  (*Id.*)  The court concluded that genuine issues of material fact exist regarding whether Plaintiffs had probable cause to assert these claims.  (*Id.* at 59-60.)  The court did not address the other elements of a malicious prosecution claim, including malice.  (*See id.* at 58-60.)

To maintain an action for malicious prosecution, a part must allege and prove, *inter alia*, (1) "that there was want of probable cause for the institution or continuation of the prosecution," and (2) "that the proceedings were instituted or continued through malice."  *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681, 687-88 (Wash. 1942).  Probable cause and malice are separate elements, and the proponent of the malicious prosecution claim bears the burden of proving each.  *Id.* at 688.

Plaintiffs argue that the court committed manifest error by not addressing "City Defendants' failure to establish any evidence on the element of malice."  (Chen MFR at 2-4; Lian MFR at 5.)  Plaintiffs argue that, because City Defendants "presented no evidence on the element of malice" and the court could not reasonably infer malice, the court should have dismissed City Defendants' counterclaim in its entirety.  (Chen MFR at 2-4; Lian MFR at 5.)

In response, City Defendants assert that Plaintiffs did not raise the issue of malice in their summary judgment motion.  (*See* Chen Resp. at 2.)  In fact, City Defendant point out that the "the word 'malice' does not appear anywhere in Plaintiffs' Motion for Summary Judgment on City Defendants' Counterclaim."  (*See* Chen Resp. at 2.)

Plaintiffs respond that they challenged the malice element in their motion for summary judgment in three ways (Chen MFR at Reply at 2): (1) their motion states they had "sincere and reasonable bases to believe" City Defendants' actions were unlawful (3d MSJ at 17); (2) Ms. Chen's and Mr. Lian's declarations say they "did not institute this litigation out of malice" (Lian Decl. (Dkt. # 122) ¶ 22; *see also* Chen Decl. (Dkt. # 131) ¶ 49); and (3) Ms. Chen discussed malice in her reply brief (*see* 3d Reply (Dkt. # 143) at 4 ("Plaintiffs both testified to their reasonable belief in their claims (and lack of malice)").

The court did not address malice in its May 24, 2019, order because Plaintiffs did not challenge malice in their summary judgment motion. (5/24/19 Order at 58-60; *see also* 3d MSJ.) As City Defendants point out, Plaintiffs did not mention the word "malice" in their motion. Further, it is not reasonable to expect the court to interpret the summarizing phrase "Plaintiffs have demonstrated that they had sincere and reasonable bases to believe," which appears at the end of a long discussion on probable cause and lacks a legal citation (*see* 3d MSJ at 17), as even a passing challenge to the malice element,[3] *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Plaintiffs' argument is even less reasonable considering that their selected phrase mimics the probable cause standard:

---

[3] Further, Plaintiffs' Introduction and Conclusion ask the court to find in their favor because "Plaintiffs had ample evidence" and "probable cause" to assert their claims, but these sections fail to mention malice. (*See* 3d MSJ at 2, 17.)

"The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (citation omitted). Likewise, the buried, conclusory references in Plaintiffs' declarations that they "did not institute this litigation out of malice" (Lian Decl. ¶ 22; *see also* Chen Decl. ¶ 49), do not bring to life a malice challenge that appears nowhere in the motion. Finally, even if Plaintiffs' mention of "malice" in parenthesis, in their reply, in a section that relates to probable cause, is sufficient to alert the court that they were challenging malice, "[i]t is not acceptable legal practice to present new evidence or new argument in a reply brief." *Roth v. BASF Corp.*, C07-0106MJP, 2008 WL 2148803, at *3 (W.D. Wash. May 21, 2008); *see also United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief."); *Bridgham-Morrison v. Nat'l Gen. Assembly Co.*, C15-0927RAJ, 2015 WL 12712762, at *2 (W.D. Wash. Nov. 16, 2015) ("For obvious reasons, new arguments and evidence presented for the first time on Reply . . . are generally waived or ignored.").

A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiffs could have challenged malice in their underlying motion. They did not. Although City Defendants bear the ultimate burden on each malicious prosecution element at trial, Plaintiffs bear the burden on summary judgment of either producing evidence that negates malice or showing that City Defendants lacked evidence of malice. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

Plaintiffs did not attempt to carry this burden, and, at least on summary judgment, the court was not obligated to carry this burden for them. The court therefore DENIES Plaintiffs' motion for reconsideration on this ground.[4]

C. **Claim-by-Claim Analysis**

In granting in part and denying in part Plaintiffs' motion for summary judgment on City Defendants' malicious prosecution counterclaim, the court explained:

> When a malicious prosecution counterclaim is based on more than one charge, "the court must 'separately analyze the charges claimed to have been maliciously prosecuted.'" *Garvais v. United States*, No. CV-03-0290-JLQ, 2010 WL 610282, at *14 (E.D. Wash. Feb. 17, 2010) (quoting *Johnson v. Knorr,* 477 F.3d 75, 85 (3d Cir. 2007)), *aff'd*, 421 F. App'x 769 (9th Cir. 2011). In other words, a finding of probable cause on one of a plaintiff's charges—which is as [sic] a complete defense to malicious prosecution—does not foreclose a malicious prosecution action on a different charge. *See Garvais*, 2010 WL 610282, at *14-15.

(5/24/19 Order at 58.) The court further noted that "no Washington State court 'squarely addresses whether the . . . charge-by-charge analysis on probable cause is employed in Washington." (*Id.* at 58 n.10 (quoting *Garvais*, 2010 WL 610282, at *15).) But, the court explained that *Garvais* followed the holdings from "multiple federal Circuit Courts" and determined that the Washington Supreme Court "would follow this charge-by-charge approach to the probable cause element." (*Id.* at 58-59 n.10 (quoting *Garvais*, 2010 WL 610282, at *14-15).)

---

[4] Mr. Lian also moves the court to reconsider its finding that Plaintiffs lacked probable cause to allege due process claims against City Defendants. (*See* Lian MFR at 4-5.) Mr. Lian's arguments do not present new facts or legal argument; nor do they show that the court committed manifest error. (*See id.*); Local Rules W.D. Wash. LCR 7(h)(1). The court therefore DENIES his motion for reconsideration on this ground.

Plaintiffs argue that the *Garvais* court intended only for this claim-by-claim analysis to apply to malicious prosecution claims "*against law enforcement*," and that the court impermissibly "expanded" *Garvais* to counterclaims "*by* law enforcement." (Chen MFR at 4; Lian MFR at 4.) Plaintiffs distinguish these situations on the basis that there are "serious implications" when law enforcement brings criminal charges against a private individual. (Chen MFR at 4-5.) Thus, according to Plaintiffs, "there is a compelling public policy and 'logical' rationale'" for courts to ensure, on a claim-by-claim basis, that each criminal charge is appropriate. (*Id.*) Plaintiffs argue, however, that this rationale does not apply to civil causes of action that arise from a singular course of conduct. (*Id.* at 5.) Plaintiffs assert that the court's ruling "expands the malicious prosecution counterclaim as a weapon against those seeking to vindicate their rights." (*Id.*) Finally, because Plaintiffs had probable cause to assert some claims against Detective D'Amico, Plaintiffs argue that the counterclaim should have been dismissed in its entirety. (*Id.*)

The court appreciates and understands Plaintiffs' argument but disagrees. The rationale for applying the claim-by-claim analysis applies in both the criminal and civil contexts. As stated in *Garvais*:

> [W]hen it comes to prosecution, *the number and nature of the charges matters:* the accused must investigate and prepare a defense to each charge, and as the list of charges lengthens (along with the sentence to which the accuse[d] is exposed), the cost and psychic toll of the prosecution on the accused increase. At the same time, when an officer prepares and signs a criminal complaint, he typically will have more of an opportunity to reflect on the nature and ramifications of the accused's conduct than he did in making the arrest. It is reasonable to demand that each charge that a police officer elects to lodge against the accused be supported by probable cause.

> Otherwise, police officers would be free to tack a variety of baseless charges on to one valid charge with no risk of being held accountable for their excess.

*Garvais*, 2010 WL 610282, at *15 (quoting *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682-83 (7th Cir. 2007)) (internal citations omitted). Although the consequences for civil liability are obviously different than those for criminal liability, "the number and nature of the charges matters" in the civil context. *Id.* City Defendants had to investigate and prepare defenses for each of Plaintiffs' claims, including the claims of procedural and substantive due process, and faced potential liability on each cause of action. In addition, three years passed between the October 28-30, 2013, dependency hearing that Plaintiffs cite as the basis for their due process claims and Plaintiffs' first complaint in December 2016 (*see* Compl. (Dkt. # 1)); nearly five years passed before Plaintiffs' July 2018 fourth amended complaint (*see* FAC), which is now the operative complaint. This was more than enough time for Plaintiffs to "reflect on the nature and ramifications" of City Defendants' conduct and consider whether there was probable cause for their due process claims. *See Garvais*, 2010 WL 610282, at *15. Finally, Washington courts have discussed the claim-by-claim issue in the civil context. *See Brin v. Stutzman,* 951 P.2d 291, 298-99 (Wash. Ct. App. 1998). Although *Brin* did not need to decide the present issue, *Brin* "expressly le[ft] open the possibility that a defendant could assert a malicious prosecution counterclaim based on an invalid severable cause of action included within a complaint asserting other severable causes of action."[5] *Id.*

---

[5] Plaintiffs attempt to distinguish their case from *Brin*, stating that their due process claims are not severable from the claims for which the court determined probable cause existed. (Chen MFR at 4 n.2.) Plaintiffs are incorrect. Plaintiffs' due process claims are the only claims

"In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it." *Hay v. Am. Safety Indem. Co.*, 270 F. Supp. 3d 1252, 1257 (W.D. Wash. 2017) (citing *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003)). "[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). In the absence of a decision from the Washington Supreme Court, this court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Id.*

Based on *Garvais* and *Brin*, as well as other Washington case law discussing Washington's view on malicious prosecution claims (*see, e.g.*, 5/24/19 Order at 19, 25, 56 (citing *Hanson v. City of Snohomish*, 852 P.2d 295, 298 (Wash. 1993)), the court predicted that the Washington Supreme Court would apply the claim-by-claim analysis to malicious prosecution causes of action (*see id.* at 58-60.) Plaintiffs' arguments are not based on new facts or new legal authority, and Plaintiffs have not shown that the court committed manifest error in its prior ruling. *See* Local Rules W.D. Wash. LCR 7(h)(1). The court therefore DENIES Plaintiffs' motion for reconsideration on this ground.

//

---

against City Defendants that concern alleged conduct at, and consequences from, the 72-hour dependency hearing. (*See generally* FAC.)

**D.     Probable Cause**

The court viewed all the evidence under the appropriate summary judgment standard and determined that, based on the undisputed facts, there was probable cause that Ms. Chen committed criminal mistreatment in the second degree.  (*See, e.g.*, 5/24/19 Order at 22-25 ("Even drawing all reasonable inferences in Ms. Chen's favor, the undisputed evidence shows that there was probable cause that Ms. Chen committed criminal mistreatment in the second degree pursuant to RCW 9A.42.030.").)  Plaintiffs argue that the court committed manifest error in its analysis because the court "failed to consider, in a light most favorable to Plaintiffs, the totality of the circumstances which tended to dissipate probable cause, or at least left material issues of fact that would lead a reasonable person to believe that no crime was committed."  (Chen MFR at 6-7.)

The court's May 24, 2019, order contains a lengthy discussion of the probable cause standard and the relevant evidence in this case.  (*See* 5/24/19 Order at 19-25.)  The court explained that "probable cause 'is a question of law to be determined by the court,' but that "the court should not determine probable cause at the summary judgment stage if a genuine issue of material fact exists."  (*Id.* at 20 (quoting *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993)).)  As Ms. Chen states in her motion for reconsideration, "the Court acknowledged the facts" that Plaintiffs seek to highlight.  (Chen MFR at 7.)  Based on the undisputed record—including over one thousand pages of medical documents—and viewing the evidence in the light most favorable to Plaintiffs, the court determined there was "'objective evidence which would allow a reasonable officer to deduce that' Ms. Chen committed criminal mistreatment in the

second degree." (5/24/19 Order at 23 (quoting *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984).)

Ms. Chen has failed to prove that the court committed manifest in its prior ruling; nor has she pointed to new facts or legal argument. *See* Local Rules W.D. Wash. LCR 7(h)(1). The court therefore DENIES Plaintiffs' motion for reconsideration on this ground.

**E.      Law of the Case**

Mr. Lian argues that the "law of the case doctrine" requires the court to dismiss City Defendants' malicious prosecution counterclaim. (Lian MFR at 2-4; *see also* Chen MFR at 6 n.3.) Specifically, Mr. Lian argues that, because the court allowed Plaintiffs to amend their due process claims after granting City Defendant's earlier motion to dismiss, the law of the case holds that Plaintiffs' due process claims are viable and therefore cannot form the basis for City Defendants' malicious prosecution counterclaim. (Lian MFR at 2-4; *see also* 3/27/18 Order (Dkt. # 90).)

Mr. Lian's argument is without merit. First, he did not raise this argument in the underlying briefing (*see generally* 2d Resp.; 3d MSJ; 3d Reply; *see also* Joinder (Dkt. # 144)) and therefore cannot raise it for the first time in his motion for reconsideration, *see Kona Enters.*, 229 F.3d at 890. Second, the court's order dismissing Plaintiffs' complaint expressly noted that it "do[es] not address [Plaintiffs'] Fourteenth Amendment due process" claims. (*See* 3/27/18 Order at 13 n.8.) Therefore, the court's prior order—which dismissed Plaintiffs' claims under the lenient Rule 12(b)(6) standard—does not provide any "law of the case" that supports Plaintiffs' due process claims.

The court therefore DENIES Mr. Lian's motion for reconsideration on this ground.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Chen's motion for reconsideration (Dkt. # 171) and DENIES Mr. Lian's motion for reconsideration (Dkt. # 172).

Dated this 6th day of August, 2019.

JAMES L. ROBART
United States District Judge