UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>NATALIE D'AMICO, et al.,<br><br>　　　　　　Defendants. | CASE NO. C16-1877JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Defendants Kimberly Danner and Washington Department of Social and Health Services' ("DSHS") (collectively, "Defendants") January 2, 2020, filing captioned "State Defendants' Anticipated Scope of Trial." (*See* MFR (Dkt. # 253) at 1.) At the pretrial conference on January 2, 2020, prior to Defendants' filing, counsel for Defendants informed the court that they intended to file a motion for reconsideration of the court's summary judgment order, contending that the court should have applied a gross negligence standard of care to a portion of Plaintiffs Susan Chen, Naixiang Lian, J.L., and L.L.'s (collectively, "Plaintiffs") negligent investigation claim. (*See* MSJ Order

(Dkt. # 242) at 47-52.) Defendants' January 2, 2020, filing addresses the same issue. (*See* MFR at 2-3.) Therefore, the court construes Defendants' filing as a motion for reconsideration of the court's summary judgment order pursuant to Local Civil Rule 7(h). *See* Local Civil Rules W.D. Wash. LCR 7(h); *see also* Fed. R. Civ. P. 1 (instructing that the federal rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In addition, the court sua sponte considers whether it should grant summary judgment in favor of Defendants on Plaintiffs' remaining claim for negligent investigation. *See* Fed. R. Civ. P. 56(f).

In its summary judgment order, the court analyzed Plaintiffs' negligent investigation claim under the standard for negligent investigation claims that the parties relied upon in their briefing. (*See* MSJ Order at 47-52 (citing *Tyner v. Dep't of Soc. & Health Servs.*, 1 P.3d 1148, 1155 (Wash. Ct. App. 2000) (applying "the duty to use reasonable care in investigating allegations of child abuse"); *McCarthy v. Cty. of Clark*, 376 P.3d 1127, 1134 (Wash. Ct. App. 2016) ("A negligent investigation claim is available only when law enforcement or DSHS conducts an incomplete or biased investigation that resulted in a harmful placement decision.") (internal quotations omitted); *see also* Defs' MSJ (Dkt. # 189) at 11-12 ("The issue is not whether DSHS was simply negligent in its investigation, generally, but whether 1) DSHS performed an *incomplete* or *biased* investigation, and 2) whether that investigation resulted in a harmful placement decision."); Chen MSJ Resp. (Dkt. # 204) at 15 ("A negligent investigation claim involves two elements: (1) that DSHS breached its duty of care by failing to

conduct an adequate investigation; and (2) that the investigation's inadequacy proximately caused a harmful placement decision.").) The court concluded that Plaintiffs met their burden to show a genuine dispute of material fact as to whether Ms. Danner or DSHS may be liable for negligent investigation based on their investigation "prior to [the] October 30, 2013 shelter care order." (MSJ Order at 50.)

Defendants now contend that the portion of Ms. Danner's and DSHS's investigation prior to the October 30, 2013, shelter care order was an "emergent placement" investigation that the court should analyze under a gross negligence standard. (*See* MFR at 23.) Defendants rely on RCW 4.24.595(1), which states:

> Governmental entities, and their officers, agents, employees, and volunteers, are not liable in tort for any of their acts or omissions in emergent placement investigations of child abuse or neglect under chapter 26.44 RCW including, but not limited to, any determination to leave a child with a parent, custodian, or guardian, or to return a child to a parent, custodian, or guardian, unless the act or omission constitutes gross negligence. Emergent placement investigations are those conducted prior to a shelter care hearing under RCW 13.34.065.

RCW 4.24.595(1)[1]; (*see also* MFR at 3 ("Therefore, absent gross negligence, [DSHS] is immune from liability for its actions related to" emergent placement investigations (quoting *Peterson v. State*, 9 Wash. App. 2d 1079, 2019 WL 3430537, at *6 (Wash. Ct. App., July 30, 2019) (unpublished)).)

The plain language of RCW 4.24.595(1) supports Defendants' argument, and the court will consider granting summary judgment in favor of Defendants on the above

//

---

[1] RCW 4.24.595(1) became effective on June 17, 2012, prior to the events at issue in this case. *See* Engrossed Substitute S.B. 6555, 62nd Leg., Reg. Sess. (Wash. 1998).

grounds. Therefore, the court ORDERS Plaintiffs to file a response to Defendants' motion for reconsideration that addresses the following two issues:

1) Whether gross negligence is the correct standard to apply to the remainder of Plaintiffs' negligent investigation claim; and

2) Assuming gross negligence is the correct standard, whether the evidence currently in the record or submitted in response to this order is sufficient to survive summary judgment in favor of Defendants on Plaintiffs' negligent investigation claim. *See* Fed. R. Civ. P. 56.

Plaintiffs' response shall be limited to **ten (10)** pages and must be filed by **Wednesday, January 8, 2020, at 12:00 p.m.** Seattle time. Defendants may file a reply, limited to **five (5)** pages, by **Thursday, January 9, 2020**. The court further DIRECTS the clerk to note Defendants' motion for reconsideration (Dkt. # 253) for Thursday, January 9, 2020.

Dated this 3rd day of January, 2020.

JAMES L. ROBART
United States District Judge