UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al., | CASE NO. C16-1877JLR |
| Plaintiffs, | ORDER |
| v. | |
| NATALIE D'AMICO, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Before the court is Plaintiff Susan Chen's motion to vacate this court's order allowing Ms. Chen's former attorneys to withdraw as counsel. (Mot. (Dkt. # 310); Reply (Dkt. # 316); *see also* 2/13/20 Order (Dkt. # 286).) Defendant Washington State Department of Children, Youth, and Families ("DCYF") opposes the motion. (Resp. (Dkt. # 314).) In the alternative, Ms. Chen asks the court to appoint pro bono counsel for her minor son, Plaintiff J.L. (*See* Reply at 2-3.) The court has reviewed the parties'

ORDER - 1

submissions, relevant portions of the record, and applicable law.  Being fully advised,[1] the court DENIES Ms. Chen's motion to vacate, ORDERS additional submissions from Ms. Chen, conditionally GRANTS her request for appointment of pro bono counsel to represent J.L. only, and STAYS the case.

## II. BACKGROUND

Ms. Chen seeks counsel to represent her in this matter following remand from the Ninth Circuit.  (Mot. at 2; *see also* 1/17/23 Order (Dkt. # 309) (granting Ms. Chen 60 days to find counsel).)  This court previously appointed Shawn Larsen Bright, Nathan Alexander, T. Augustine Lo, Brian Janura, Wendy Feng, and the law firm of Dorsey & Whitney LLP (collectively, "Dorsey & Whitney") to represent Ms. Chen and her minor son, J.L., in the underlying proceedings.  (6/13/17 Order (Dkt. # 15).)  After the court entered a final judgment in this matter, it granted Dorsey & Whitney's motion to withdraw on the basis that the matter had been resolved by final judgment.  (*See* 2/14/20 Order; *see also* Mot. to Withdraw (Dkt. # 277).)

Following appeal and partial remand, this court instructed the parties to submit a joint status report ("JSR") and extended the deadline several times to allow Ms. Chen and J.L. to identify counsel.  (*See* 11/9/22 Order (Dkt. # 300); 12/6/22 Order (Dkt. # 304); 1/17/23 Order (Dkt. # 309).)  The parties have not submitted a JSR.  (*See generally* Dkt.)  Ms. Chen states that she has identified some attorneys who may be interested in

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

representing her in this matter, and that those attorneys have attempted to reach Dorsey & Whitney LLP to discuss the case, but have not received a response.  (Mot. at 2.)  Ms. Chen asserts that this communication failure has inhibited her ability to obtain representation.

### III. ANALYSIS

Ms. Chen now argues that because the Ninth Circuit vacated this court's final judgment, the basis for the order granting Dorsey & Whitney's motion to withdraw is no longer applicable and should be vacated.  (Mot. at 2, 3 (citing Fed. R. Civ. P. 60(b)).)  In the alternative, Ms. Chen asks the court to appoint counsel for J.L.  (Reply at 2-3.)  DCYF argues that the court should deny the motion to vacate because Ms. Chen is not eligible for court-appointed counsel.  (*See* Resp. at 2 (citing *Winchester v. Yakima Cnty. Superior Ct.*, No. CV-10-3057-EFS, 2011 WL 133017, at *1 (E.D. Wash. Jan. 14, 2011)).)

**A.    The Court Declines to Vacate Its February 13, 2020 Order**

Ms. Chen argues that Rule 60(b)(5) authorizes the court to vacate its order authorizing Dorsey & Whitney's withdrawal as counsel.  (Mot. at 3 (quoting Fed. R. Civ. P. 65(b)(5)).)  But Rule 60(b) applies only to a "final judgment, order, or proceeding," and not to an interlocutory order.  Fed. R. Civ. P. 65(b); *see also, e.g., Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (denying motion to vacate preliminary injunction because a "preliminary injunction is not a 'final judgment, order or proceeding,' that may be addressed by a motion under Rule 60(b)" (quoting Fed. R. Civ. P. 65(b))).  An order permitting withdrawal of counsel is not a final

judgment, order, or proceeding; Rule 60(b) therefore does not authorize this court to grant the relief Ms. Chen seeks. *See PPR Realty*, 204 F.3d at 880.[2]

The court does, however, have the power to "rescind, reconsider, or modify an interlocutory order" pursuant to its own discretion, which is "derived from the common law." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001); *see also McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992) (noting the court's obligation to construe *pro se* pleadings liberally). The court does not find sufficient cause to reconsider or rescind its order granting Dorsey & Whitney's motion to withdraw as counsel, merely because some of Ms. Chen's claims have been remanded. Ms. Chen effectively urges the court to re-appoint Dorsey & Whitney as pro bono counsel. (*See* Reply at 3-4 (arguing against Dorsey & Whitney's right to withdraw as counsel).) But the appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). The court, moreover, cannot compel counsel to provide representation. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989); (*see also infra* § III.B). Ms. Chen cannot make an end-run around the usual process for appointing pro bono counsel by styling her request for re-appointment of counsel as a procedural motion. Therefore, the court denies Ms. Chen's motion to vacate its prior order.

//

---

[2] Rule 60(a) is also inapposite. Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in . . . the record." Fed. R. Civ. P 60(a). Rule 60(a) does not apply because Ms. Chen's justification to vacate the order—that the basis for granting it no longer exists—is not "a mistake." (*See generally* Mot.)

**B.      The Court Orders Submissions from Ms. Chen for *In Camera* Review.**

According to Ms. Chen and Twyla Carter, a lawyer for Ms. Chen in a related matter, Dorsey & Whitney LLP has failed to return phone calls and emails by Ms. Chen and the attorneys potentially interested in representing her. (Mot. at 2; Chen Decl. (Dkt. # 311) ¶¶ 6, 7, 10; *see also* Carter Decl. (Dkt. # 312) ¶¶ 6-8.) Ms. Chen further asserts that Dorsey & Whitney "may have sole possession of some documents that any subsequent lawyers need to be fully informed." (Chen Decl. ¶ 10.) Ms. Chen does not, however, assert that she or anyone else has actually requested her client file. (*See generally id.*; Mot.) The extent and nature of the communications are unclear to the court. The court therefore orders Ms. Chen to submit records of these phone calls and emails, including records of any requests for Ms. Chen's and J.L.'s client files, to the court for *in camera* review[3] by no later than **April 14, 2023**. Ms. Chen must also file a declaration on the docket confirming that she has produced the documents by the same date.

**C.      The Court Grants the Motion to Appoint Counsel for J.L.**

Although there is no right to counsel in civil actions, a district court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Rand v. Rowland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). The court, however, does not have

---

[3] *In camera* review is the process by which a party submits documents to the court for review without allowing any other party or the public access to the documents. Ms. Chen may submit the records in printed paper or on a thumb drive and may redact any material within these records subject to attorney-client privilege prior to submitting them.

authority to compel counsel to provide representation, *see Mallard*, 490 U.S. at 298, and may only "request" that counsel serve, 28 U.S.C. § 1915(e)(1); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that § 1915 only permits a court to "request" counsel, not to compel representation). Nor may the court appoint publicly funded counsel, such as the Federal Public Defender. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e). *See 30.64 Acres of Land*, 795 F.2d at 801. Accordingly, the court is limited to making a request for pro bono counsel to provide voluntary representation.

The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these factors is dispositive; instead, the court must view both factors together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). If the court determines that extraordinary circumstances warrant appointment of counsel, it will direct the Clerk of the Court to identify an attorney from the Pro Bono Panel who is willing to represent the plaintiff in accordance with this District's Pro Bono Plan. *See* General Order No. 16-20,

Section 3(c) (Dec. 8, 2020). Only after such an attorney is identified will the court issue an order appointing him or her to represent the plaintiff. *See id*.

The court determines that extraordinary circumstances warrant appointment of counsel for Plaintiff J.L., who, as a minor child, cannot represent himself. Although the court cannot definitively determine J.L.'s likelihood of success on the merits of his two remaining claims, his claims are before the court on remand from the Ninth Circuit and involve recent developments in Washington State law. (*See* 9th Cir. Memo. (Dkt. # 297).) Thus, the court grants Ms. Chen's request to appoint counsel for J.L., contingent on the Clerk of the Court's identification of counsel willing to represent J.L. in this matter.[4]

**D.    The Court Stays the Case Pending Resolution of the Pro Bono Panel Process**

A district court has discretionary power to stay proceedings before it. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court weighs the following competing interests in considering whether to stay proceedings: (1) the possible damage that may result from the stay; (2) the hardship a party may suffer in being required to go forward; and (3) the "orderly course of justice measured in terms of the simplification or complication of issues, proof, and questions of law that could be expected to result from a stay." *Fed. Ins.*

---

[4] Any pro bono counsel appointed to represent J.L. will represent J.L.'s interests alone.

*Co. v. Holmes Weddle & Barcott PC*, No. C13-0926JLR, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, the factors weigh overwhelmingly in favor of staying the litigation pending resolution of the appointment process. First, the possible damage that may result from a stay is extremely limited: the parties will suffer minimal harm, if any, from waiting several months before litigating the remaining claims. Second, in the absence of a stay J.L. would suffer significant hardship as his interests in the litigation would go unrepresented. Third, the "orderly course of justice" supports a stay, because a stay will simplify rather than complicate proceedings. *See id*. Accordingly, the court stays the case pending resolution of the pro bono appointment process.[5]

## IV. CONCLUSION

The court DENIES Ms. Chen's motion to vacate (Dkt. # 310); ORDERS Ms. Chen to submit records of the unanswered phone calls and emails to Dorsey & Whitney to the court for *in camera* review and must file a declaration confirming the submission no later than **April 14, 2023**; and conditionally GRANTS Ms. Chen's motion to appoint counsel for J.L., contingent on the Clerk of the Court's identification of counsel willing to represent J.L. in this matter. The court DIRECTS the Clerk of Court to seek counsel to represent J.L., in accordance with this court's Pro Bono Plan. If an attorney is willing to represent J.L. pro bono, the court will issue appropriate appointment orders. The court

---

[5] Ms. Chen may continue to consult with attorneys regarding her own representation while the case is stayed.

DIRECTS the Clerk to stay this litigation pending resolution of the Pro Bono Panel process.

Dated this 6th day of April, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge