UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>NATALIE D'AMICO, et al.,<br><br>                Defendants. | CASE NO. C16-1877JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Plaintiff Susan Chen's motion for appointment of pro bono counsel and to share concerns regarding her ability to work with counsel for Plaintiff J.L., her minor child. (Mot. (Dkt. # 322).) The court has reviewed Ms. Chen's submissions, the relevant portions of the record, and applicable law. Being fully advised, the court conditionally GRANTS Ms. Chen's motion, REMOVES Ms. Chen from her role as guardian ad litem for J.L., and ORDERS J.L. to submit briefing regarding the need for a guardian ad litem going forward.

ORDER - 1

## II. RELEVANT BACKGROUND[1]

Ms. Chen and her child, J.L. (collectively, "Plaintiffs"), brought civil rights and tort claims against Defendants Washington State Department of Children, Youth, and Family ("DCYF") and Kimberly Danner (collectively, "Defendants").[2] (*See generally* SAC (Dkt. # 76).) In the underlying proceedings, Plaintiffs were represented by court-appointed pro bono counsel. (*See* 6/13/17 Order (Dkt. # 15).) On October 30, 2017, the court appointed Ms. Chen as guardian ad litem for J.L. (*See* 10/30/17 Order (Dkt. # 61).) After the court entered judgment in favor of all defendants (*see* Judgment (Dkt. # 276)), Plaintiffs appealed. In relevant part, the Ninth Circuit Court of Appeals vacated the court's judgment as to Plaintiffs' claims for negligent investigation post-dating DCYF's shelter care hearing and negligent infliction of emotional distress for the same period against DCYF and Defendant Kimberly Danner and remanded those claims to this court for further proceedings. (Memo. (Dkt. # 297).)

On remand, Ms. Chen proceeds *pro se* and *in forma pauperis* ("IFP"). (*See* Dkt.) On April 26, 2023, the court appointed Hari Kumar of Duane Morris LLP as pro bono counsel for J.L. only. (4/26/23 Order (Dkt. # 320); 4/6/23 Order (Dkt. # 317) (granting Ms. Chen's motion to appoint counsel for J.L.).) Ms. Chen now states that she has been

---

[1] The court has previously detailed the factual background of this case (*see* 5/24/19 Order; 12/20/19 Order (Dkt. # 242); 1/22/20 Order (Dkt. # 275)) and need not repeat that background here.

[2] Ms. Chen's former spouse, Naixiang Lian, and their other child, L.L., were also plaintiffs in this action, and all four asserted claims against other defendants. (*See generally* SAC; Dkt.) Only Ms. Chen, J.L., DCYF and Ms. Danner remain before the court. (*See* Memo. (Dkt. # 297).)

unable to effectively communicate with Mr. Kumar because she lacks her own representation. (Mot. at 1-3; 5/18/23 Chen Decl. (Dkt. # 323) ¶¶ 8, 10.) According to Ms. Chen, Mr. Kumar informed her that (1) their conversations were not protected by attorney-client privilege (Mot. at 2; 5/18/23 Chen Decl. ¶ 10) and (2) former counsel for Ms. Chen and J.L. maintained a single client file for both of them and, as a result, Mr. Kumar can only access the file if Ms. Chen consents to a waiver of privilege (Mot. at 3; 5/18/23 Chen Decl. ¶ 13). The court infers that Ms. Chen declined. (*See* Mot. at 3 (stating "for [Mr. Kumar] to obtain records, Chen may have to waive privilege [with] unknown potential risk.").) Ms. Chen now asks the court to appoint pro bono counsel for herself. (Mot. at 3-4.)

### III.   ANALYSIS

The court first addresses Ms. Chen's request for appointment of pro bono counsel before addressing whether Ms. Chen should remain J.L.'s guardian ad litem in light of the conflict of interest she raises.

**A.   Ms. Chen's Motion for Appointment of Pro Bono Counsel**

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) but should do so "only in exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Siglar v. Hopkins*, 822 Fed. App'x. 610, 612 (9th Cir. 2020) (affirming denial of request for *pro bono* counsel where plaintiff's "circumstances

1    were not exceptionally different from the majority of the challenges faced by *pro se*
2    litigants.").

3      Because there is no right to counsel in a civil case, the court does not have
4    authority to compel counsel to provide representation. *Mallard v. United States Dist.*
5    *Court*, 490 U.S. 296, 298 (1989). Instead, the court may only "request" that counsel
6    serve. 28 U.S.C. § 1915(e)(1); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.
7    1986) (noting that § 1915 only permits a court to "request" counsel, not to compel
8    representation). Nor may the court appoint publicly funded counsel, such as the Federal
9    Public Defender. "The Supreme Court has declared that 'the expenditure of public funds
10   [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder*
11   *v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S.
12   317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28
13   U.S.C. § 1915(e). *See 30.64 Acres of Land*, 795 F.2d at 801. Accordingly, the court is
14   limited to making a request for pro bono counsel to provide voluntary representation.

15     The decision to request pro bono counsel rests within "the sound discretion of the
16   trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of*
17   *Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional
18   circumstances justify the appointment of counsel, the court considers "the likelihood of
19   success on the merits and the ability of the petitioner to articulate his claims *pro se* in
20   light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d
21   1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.
22

1983)). Neither of these considerations is dispositive; instead, they must be viewed together. *Id*. at 1331.

If the court determines that extraordinary circumstances warrant appointment of counsel, it will direct the clerk to identify an attorney from the Pro Bono Panel who is willing to represent him in accordance with the District's Pro Bono Plan. *See* General Order No. 16-20, Section 4(b) (Dec. 8, 2020). Only after such an attorney is identified will the court issue an order appointing him or her to represent the plaintiff. *See id.*

Ms. Chen argues that she will be unable to articulate her claims *pro se* because she lacks legal training and speaks English as a second language. (Mot. at 3-4.) Ms. Chen argues further that the court previously granted her request for pro bono counsel (*id*. at 3 (citing 5/24/17 Order (Dkt. # 13)), and that her lack of representation could harm J.L.'s interests in this case, citing her inability to communicate with Mr. Kumar (*id*. at 4). Finally, Ms. Chen cites as additional reason to appoint counsel her failure to receive and timely respond to prior orders from this court because she lacks access to the court's electronic filing system. (*Id*.)

The court concludes that exceptional circumstances justify appointment of pro bono counsel in this case, contingent on this District's Pro Bono Panel's ability to find an attorney willing to represent Ms. Chen. Although the court cannot definitively determine whether Ms. Chen is likely to succeed on the merits of her remaining claims, the court notes that one of the remaining claims involves a recent development in Washington State law that Ms. Chen may have difficulty arguing on her own. (*See* Memo.) Additionally, the sensitive issues involved in J.L.'s representation, combined with Ms.

Chen's limited English proficiency, pose exceptional circumstances that weigh in favor of seeking volunteer counsel for Ms. Chen. Accordingly, the court concludes that exceptional circumstances warrant a second chance to locate pro bono counsel for Ms. Chen. *See Willborn*, 789 F.2d at 1331.

**B.      Ms. Chen's Conflict of Interest with J.L.**

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17 imposes a "special duty" on the district court to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). However, appointment of a guardian ad litem is not mandatory where the minor's interests are represented in the action, such as by counsel. *See, e.g., Hendrickson v. Griggs*, 672 F. Supp. 1126, 1132 (N.D. Iowa) (declining to appoint guardian ad litem for class of juveniles where counsel could adequately represent their interests); *S.B. v. United States*, Case No. C19-0069RSL, 2019 WL 5802360, at *1 (W.D. Wash Nov. 7, 2019) (finding minors' interests adequately represented by counsel and declining to appoint a guardian ad litem).

A district court "maintains a continuing obligation to supervise the guardian ad litem's work." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 652 (2nd Cir. 1999) (first citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978); and then citing *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). The district court may remove the guardian ad litem at any time, especially if a conflict of interest arises between the guardian ad litem and the minor whose interests she represents. *Hull by Hull v. United States*, 53 F.3d

1125, 1127 n. 1 (10th Cir. 1995); *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1052 (E.D. Cal. 2015) ("The court can remove or replace the guardian ad litem if . . . [she] faces a conflict of interest"); *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) ("[T]he [c]ourt may remove a guardian ad litem if she acts contrary to the best interests of the minor . . . , has a conflict of interest with the minor . . . , or demonstrates an inability or refusal to act."). The court may remove a parent as guardian ad litem if it finds a real or potential conflict of interest between the parent and minor child. *See, e.g., Z.A. ex rel. K.A. v. St Helena Unified Sch. Dist.*, No. C 09-03557 JSW, 2010 WL 370333, at *4-5 (N.D. Cal. Jan. 25, 2010) (granting motion to disqualify plaintiff's parents as guardians ad litem due to potential financial conflicts of interest); *Brown v. Alexander*, No. 13-CV-01451-RS, 2015 WL 7350183, at *2 (N.D. Cal. Nov. 20, 2015) ("If the court concludes that a non-parental guardian ad litem would better protect the minor's interests, then it has a right to select a non-parental guardian."); *Miller v. Newport*, No. CV-12-0540-RHW, 2013 WL 3457182, at *3 (E.D. Wash. July 9, 2013) ("[A] parent with a conflict of interest is not entitled to select the guardian ad litem or control the legal decisions made by the guardian and/or the child's attorney."); *see also Fong Silk Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955) (Boldt, J. concurring) (noting that a parent does not have an absolute right to serve as a guardian ad litem of her minor child).

Here, it is evident from Ms. Chen's motion that there is a conflict of interest between Ms. Chen and J.L. For instance, Ms. Chen complains that she must waive privilege over the shared client file and speak to Mr. Kumar without the protection of

ORDER - 7

attorney-client privilege. (5/18/23 Chen Decl. ¶ 11, 13.) Ms. Chen indicates that she has refused to do either in the interest of protecting her own privacy and, as a result, has not assisted in Mr. Kumar's representation of J.L. (*See id.*; Mot. at 3.) Thus, because Ms. Chen's interests in her own privacy conflict directly with J.L.'s interests in resolving the litigation, Ms. Chen cannot fulfill her obligations to the court as J.L.'s guardian ad litem. *See, e.g., Fong Silk Leung*, 226 F.2d at 82; *Z.A. ex rel. K.A.*, 2010 WL 370333, at *4-5. Moreover, the court concludes that under the circumstances of this case, J.L.'s claims may implicate the interests of his family members going forward. The court therefore REMOVES Ms. Chen from her role as guardian ad litem and ORDERS J.L., by and through Mr. Kumar, to either identify an appropriate guardian ad litem or explain why an appointment of a guardian ad litem is no longer necessary.

## IV. CONCLUSION

For the forgoing reasons, the court conditionally GRANTS Ms. Chen's motion for appointment of pro bono counsel (Dkt. # 322), contingent on the Pro Bono Panel's identification of counsel willing to represent Ms. Chen in this matter. The court DIRECTS the Western District of Washington's pro bono coordinator to identify counsel to represent Ms. Chen in accordance with this District's Pro Bono Plan. If an attorney is willing to represent Ms. Chen pro bono, the court will issue appropriate appointment orders. The court further REMOVES Ms. Chen from her role as guardian ad litem for J.L. and ORDERS J.L. to submit supplemental briefing that either identifies another adult to serve as guardian ad litem for J.L. who does not have a conflict of interest or explains

ORDER - 8

why an appointment of a guardian ad litem is no longer necessary. Such briefing is due no later than **June 23, 2023** and shall not exceed 1,500 words.

Dated this 13th day of June, 2023.

JAMES L. ROBART
United States District Judge