UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al., | CASE NO. C16-1877JLR |
| Plaintiffs, | ORDER |
| v. | |
| NATALIE D'AMICO, et al., | |
| Defendants. | |

Before the court is Plaintiff Susan Chen's motion for partial reconsideration of the court's June 13, 2023 order conditionally granting Ms. Chen's request for appointment of pro bono counsel and removing Ms. Chen as guardian ad litem for her minor son, Plaintiff J.L., in this matter. (MFR (Dkt. # 326); 6/15/23 Chen Decl. (Dkt. # 327); *see also* 6/13/23 Order (Dkt. # 325).) For the reasons articulated below, the court DENIES Ms. Chen's motion.

On May 18, 2023, Ms. Chen filed a motion "to [s]hare [c]oncerns and [a]ppoint [c]ounsel," explaining to the court that in order to assist Hari Kumar, court-appointed

ORDER - 1

counsel for J.L., Ms. Chen would need to waive privilege over her and J.L.'s shared client file maintained by their former counsel as well as the content of her conversations with Mr. Kumar.  (*See* 5/18/23 Chen Mot. (Dkt. # 322) at 2-3; 5/18/23 Chen Decl. (Dkt. # 323) ¶¶ 11, 13.[1])  In its June 13, 2023 order, the court identified that Ms. Chen could not fulfill her obligations as guardian ad litem for J.L. without sacrificing her own interests in privacy and concluded that under these circumstances, Ms. Chen and J.L. have a conflict of interest that disqualifies her as his guardian ad litem.  (*See* 6/13/23 Order at 7-8.)  In so concluding, the court also inferred from Ms. Chen's representations that she had declined to waive privilege.  (*See id.* at 3 (citing 5/18/23 Chen Mot. at 3); *id.* at 8 (citing 5/18/23 Chen Decl. ¶¶ 11, 13).)

Ms. Chen now asks the court to reconsider its decision to remove her as guardian ad litem for J.L.  (*See generally* MFR.)  Ms. Chen asserts that the court's inference that she had decline to waive privilege was incorrect and represents that she has "been working diligently with Mr. Kumar," describing for the first time her various communications with Mr. Kumar regarding his representation of J.L.  (*Id.* at 2-3; 6/15/23 Chen Decl. ¶¶ 6-7, 10-17.)  Ms. Chen asserts that she has an "unwavering commitment" to J.L.'s best interests and the court should therefore reconsider its decision to remove her as guardian ad litem.  (*See* MFR at 3-4.)

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a

---

[1] Ms. Chen does not ask the court to reconsider its decision to conditionally grant her request for pro bono counsel.  (*See* MFR.)

ORDER - 2

showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Although Ms. Chen presents new evidence that she in fact waived privilege to assist Mr. Kumar in his representation of J.L., these facts do not alter the court's prior analysis. In its June 13, 2023 order, the court noted that it "may remove a parent as guardian ad litem if it finds a real *or potential* conflict of interest between the parent and minor child." (6/13/23 Order at 7 (emphasis added) (citing *Z.A. ex rel. K.A. v. St Helena Unified Sch. Dist.*, No. C 09-03557 JSW, 2010 WL 370333, at *4-5 (N.D. Cal. Jan. 25, 2010)).) It is the presence of a conflict of interest—not the guardian ad litem's failure to act in the child's best interest—that disqualifies the guardian ad litem. *See, e.g.*, *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) (listing the following as alternative bases for removing a guardian ad litem: acting contrary to the minor's interests, refusing to act, *or* having a conflict of interest); *Z.A. ex rel. K.A.*, 2010 WL 370333, at *4-5 (removing parents as guardians ad litem due to potential conflict of interest). "Because the best interests of a child and the best interests of even a loving parent can conflict, parental authority over children—even where the parent is not generally 'unfit'—is not without limits." *Anthem Life Ins. Co. v. Olguin*, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1352 (11th Cir. 2000)). Here, the court did not remove Ms. Chen as guardian ad litem because it doubted her commitment to J.L. as his parent, but rather

ORDER - 3

1  did so pursuant to its "special duty" to safeguard J.L.'s interests in this litigation. *See*

2  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).

3      Therefore, because the additional facts Ms. Chen presents do not alter the court's

4  analysis in its June 13, 2023 order, the court concludes that Ms. Chen has not met her

5  "heavy burden" to justify reconsideration of the court's prior decision. *See Kona Enters.,*

6  *Inc.*, 229 F.3d at 890. For the foregoing reasons, the court DENIES Ms. Chen's motion

7  (Dkt. # 326).

8      Dated this 16th day of June, 2023.

*[Signature]*

JAMES L. ROBART
United States District Judge