UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al., | CASE NO. C16-1877JLR |
| Plaintiffs, | ORDER |
| v. | |
| NATALIE D'AMICO, et al., | |
| Defendants. | |

Before the court is Plaintiffs Susan Chen and J.L.'s (collectively, "Plaintiffs") and Defendants Kimberly Danner, Jill Kegel, and Washington Department of Children, Youth, and Family's ("DCYF")[1] (collectively, "Defendants") joint status report ("JSR"). (JSR (Dkt. # 334).) The court addresses the parties' request for "Mediation Without

---

[1] DCYF is the successor-in-interest to the Washington State Department of Social and Health Services. *See, e.g.*, RCW 43.216.906.

ORDER - 1

Charge" as well as their dispute regarding the availability of summary judgment motions and DIRECTS the Clerk to set a case schedule.[2]

A.  **Mediation Without Charge**

The parties jointly request a "Mediation Without Charge" to take place in October 2023. (JSR at 2.) If the parties wish to make such a request, they must complete and sign the "Request for Mediation Without Charge" form, which is available from the Clerk's Office and on the court's website. *See* Local Rules W.D. Wash. LCR 39.1(c)(4); *see also id*. LCR 16(a) (noting that the parties may not include requests for relief from the court in a JSR).

B.  **Whether Defendants May Move for Summary Judgment**

The parties ask the court to clarify whether the Ninth Circuit's remand order precludes Defendants from filing future summary judgment motions. (*See* JSR at 2-5.) On September 28, 2022, the Ninth Circuit issued a memorandum vacating and remanding Plaintiffs' claims for negligent investigation for the period following the shelter care hearing and for negligent infliction of emotional distress ("NIED") for the same period. (*See* Memo. (Dkt. # 297).) The court addresses the parties' arguments with respect to each claim.

The Ninth Circuit remanded Plaintiffs' negligent investigation claim "for reconsideration under the Washington Supreme Court's newly issued guidance" regarding negligent investigation claims following shelter care hearings. (*Id*. at 3-4

---

[2] The court has previously detailed the factual and procedural background of this case and need not repeat it here. (*See, e.g.*, 12/20/19 Order (Dkt. # 242); 1/22/20 Order (Dkt. # 275).)

(citing *Desmet v. State ex rel. State Dep't of Soc. & Health Servs.*, 514 P.3d 1217 (Wash. 2022) (holding negligence by DCYF that prolongs dependence proceedings may be actionable under a negligent investigation theory, even if a court continues the shelter care placement)).) Plaintiffs argue that (1) the Ninth Circuit's vacation of this court's summary judgment order "means that there is a triable issue of fact" and must proceed to trial, and (2) the Ninth Circuit already rejected Defendants' arguments regarding the impact of *Desmet* on the instant case. (JSR at 3.[3]) Defendants disagree, arguing that they did not have an opportunity to defend against Plaintiffs' negligent investigation claim under the *Desmet* case in the district court proceedings because that case was decided after this court entered its summary judgment order. (*Id.* at 4-5.) The court agrees with Defendants that the Ninth Circuit's memorandum does not preclude them from moving for summary judgment on Plaintiffs' negligent investigation claim under the new development in Washington law. (*See* Memo. at 3-4.)

As to Plaintiffs' NIED claim, the Ninth Circuit vacated and remanded this court's decision on Plaintiffs' NIED claim because it determined the court had applied two incorrect legal standards in adjudicating this claim. (Memo. at 4-5.) First, the Ninth

---

[3] Plaintiffs also appear to argue that the doctrine of res judicata bars subsequent summary judgment motions on both of their remaining claims. (*See* JSR at 4.) But res judicata does not apply to subsequent proceedings within the same legal action. *See United States v. Walker River Irrigation Dist.*, 890 F.3d 1161, 1172-73 (9th Cir. 2018); *Arizona v. California*, 460 U.S. 605, 619 (1983); *see also* 18 Wright & Miller, Fed. Prac. & Proc. Juris. § 4401 (3d ed. 2023) (noting that res judicata principles "involve the relationships between two separate lawsuits" whereas the law-of-the-case doctrine guides reconsideration of matters already resolved within a single action). Accordingly, Plaintiffs' res judicata arguments are unavailing.

1  Circuit faulted the court for applying the bystander, rather than direct, NIED standard and
2  for requiring that Plaintiffs prove an especially horrendous event occurred.  (*Id*. at 4
3  ("Because Plaintiffs allege direct NIED, they were not required to prove an especially
4  horrendous event occurred.").)  Second, the Ninth Circuit found error where this court
5  required Plaintiffs to provide expert testimony regarding causation.  (*Id*. at 5 (stating that
6  Washington law does not require expert testimony on causation where the causal
7  connection is "observable by laypersons" (quoting *Berger v. Sonneland*, 26 P.3d 257, 267
8  (Wash. 2001))).)  The Ninth Circuit further stated, "Chen and J.L. submitted declarations
9  by treating providers that raise a genuine issue of material fact as to causation," and
10 remanded the claim "for the district court to apply the correct standards."  (*Id*.)

11        Plaintiffs argue that the Ninth Circuit's conclusion that Plaintiffs raised an issue of
12 material fact as to causation precludes any further summary judgment motions on this
13 claim.  (JSR at 3.)  Defendants respond that the Ninth Circuit remanded the NIED claim
14 to allow the district court to apply the correct legal standard to this claim.  (*Id*. at 5.)  The
15 court concludes that because the Ninth Circuit identified a genuine dispute of material
16 fact with respect only to the causation element of Plaintiffs' NIED claim, Defendants are
17 not precluded from moving for summary judgment as to the remaining elements of
18 Plaintiffs' NEID claim under the direct NIED standard.  (*See* Memo. at 5); *see, e.g.*,
19 *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 205 (Wash. 2014) ("A plaintiff may recover
20 for negligent infliction of emotional distress if she proves duty, breach, proximate cause,
21 damage, and 'objective symptomatology.'").

22

Finally, Defendants argue that they should be permitted to argue that Ms. Danner and Ms. Kegel should be dismissed because DCYF would be vicariously liable for any successful state law claims against them. (JSR at 5.) Plaintiffs do not respond to this argument. (*See generally id.*) The court concludes that Defendants are not barred from raising such an argument in a motion for summary judgment.

**C.  Case Schedule**

The court DIRECTS the clerk to enter a case schedule setting the matter for a five-day trial beginning May 20, 2024 at 9:00 a.m.

In sum, the court DIRECTS the parties to follow the procedures set forth in this District's Local Rules to request a Mediation Without Charge, concludes that Defendants are not barred from moving for summary judgment as articulated above, and DIRECTS the Clerk to enter a case schedule as described above.

Dated this 11th day of July, 2023.

JAMES L. ROBART
United States District Judge