UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>NATALIE D'AMICO, et al.,<br><br>        Defendants. | CASE NO. C16-1877JLR<br><br>ORDER |

Before the court is Plaintiff Susan Chen's motion for appointment of pro bono counsel for herself. (Mot. (Dkt. # 354).) The court has reviewed Ms. Chen's submissions, the relevant portions of the record, and applicable law. Being fully advised, the court conditionally GRANTS Ms. Chen's motion.

**I.     BACKGROUND**

Ms. Chen and her child, J.L. (collectively, "Plaintiffs"), brought civil rights and tort claims against Defendants Washington State Department of Children, Youth, and

ORDER - 1

Family ("DCYF"), Kimberly Danner, and Jill Kegel (collectively, "Defendants").[1] (*See generally* SAC (Dkt. # 76).) In June 2017, the court appointed pro bono counsel represent Plaintiffs. (*See* 6/13/17 Order (Dkt. # 15).) On October 30, 2017, the court appointed Ms. Chen as guardian ad litem for J.L. (*See* 10/30/17 Order (Dkt. # 61).) After the court entered judgment in favor of all defendants (*see* Judgment (Dkt. # 276)), Plaintiffs appealed. Ms. Chen's former pro bono counsel withdrew from the case following entry of judgment without stating a reason for their withdrawal. (*See* Mot. to Withdraw (Dkt. # 277); 2/14/2020 Order (Dkt. # 285) (granting withdrawal motion).) The Ninth Circuit Court of Appeals vacated the court's judgment as to Plaintiffs' claims for negligent investigation after DCYF's shelter care hearing and negligent infliction of emotional distress for the same period against Defendants and remanded those claims to this court for further proceedings. (Memo. (Dkt. # 297).)

After the case was remanded, the court appointed pro bono counsel for J.L. (4/26/23 Order (Dkt. # 320).) Ms. Chen subsequently filed a motion "to [s]hare [c]oncerns and [a]ppoint [c]ounsel," explaining to the court that in order to assist J.L.'s court-appointed counsel, Ms. Chen would need to waive privilege over (1) her and J.L.'s shared client file maintained by their former counsel and (2) the content of her conversations with J.L.'s appointed counsel. (*See* 5/18/23 Chen Mot. (Dkt. # 322) at 2-3; 5/18/23 Chen Decl. (Dkt. # 323) ¶¶ 11, 13.) Ms. Chen also asked the court to appoint pro

---

[1] Ms. Chen's former spouse, Naixiang Lian, and their other child, L.L., were also plaintiffs in this action, and all four asserted claims against other defendants. (*See generally* SAC; Dkt.) Only Ms. Chen, J.L., DCYF, Ms. Danner, and Ms. Kegel remain before the court.

ORDER - 2

bono counsel for her. (5/18/23 Chen Mot. at 4.) On June 13, 2023, the court removed Ms. Chen from serving as J.L.'s guardian ad litem due to a conflict of interest between her and J.L. (6/13/23 Order (Dkt. # 325) at 7-8.) The court also granted Ms. Chen's motion to appoint pro bono counsel, contingent on this District's Pro Bono Panel's ability to find an attorney willing to represent her. (*See id.* at 5-6.) The Pro Bono Panel, however, was unable to identify volunteer counsel for Ms. Chen. (7/25/23 Min. Order (Dkt. # 337) (denying Ms. Chen's May 18, 2023 motion to appoint counsel).)

J.L. has now moved for partial summary judgment on Defendants' affirmative defense of absolute immunity under RCW 4.24.595. (MSJ (Dkt. # 349).) The deadline for dispositive motions expires on November 20, 2024. (2/12/24 Min. Order (Dkt. # 344).) Trial is set for February 18, 2025. (*See id.*) Ms. Chen has again moved for appointment of pro bono counsel for herself. (*See* Mot.)

## II.   ANALYSIS

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) but should do so "only in exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Because there is no right to counsel in a civil case, the court does not have authority to compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the court may only "request" that counsel serve as pro bono counsel. 28 U.S.C. § 1915(e)(1); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that § 1915 only permits a court

1 | to "request" counsel, not to compel representation).  The decision to request pro bono
2 | counsel rests within "the sound discretion of the trial court and is granted only in
3 | exceptional circumstances."  *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th
4 | Cir. 2004).

5 |     When determining whether exceptional circumstances justify the appointment of
6 | pro bono counsel, the court considers "the likelihood of success on the merits and the
7 | ability of the petitioner to articulate his claims pro se in light of the complexity of the
8 | legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)
9 | (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  If the court determines
10 | that extraordinary circumstances warrant the appointment of counsel, it will direct the Pro
11 | Bono Coordinator to identify an attorney from the Pro Bono Panel who is willing to
12 | represent the party in accordance with the District's Pro Bono Plan.  *See* General Order
13 | No. 07-23, Section 3(d) (Sept. 8, 2023).  Only after a volunteer attorney is identified will
14 | the court issue an order appointing him or her to represent the party.  *See id.*

15 |     Ms. Chen contends that, as a *pro se* litigant, she has "faced significant challenges
16 | in accessing the court[.]"  (Mot. at 2.)  She states that her "ability to participate
17 | effectively" in these proceedings is "hinder[ed]" due to her "unfamiliar[ity] with the rules
18 | for filing and response deadlines" and her "limited English proficiency[.]"  (*Id.*)  She
19 | notes, in her opinion, that opposing counsel is "not interested in any communication with
20 | a *pro se* litigant," thus hampering potential settlement discussions.  (*Id.*)  As Ms. Chen
21 | notes, the parties are currently engaged in dispositive motion practice and preparing for
22 |

1  the February 18, 2025 trial date—"both of which require significant legal expertise[.]"
2  (*Id.*)

3  The court concludes that exceptional circumstances justify appointment of pro
4  bono counsel in this case, contingent on this District's Pro Bono Panel's ability to find an
5  attorney willing to represent Ms. Chen. The court cannot definitively determine whether
6  Ms. Chen is likely to succeed on the merits of her remaining claims; it notes, however,
7  that one of those claims involves a recent development in Washington State law that Ms.
8  Chen may have difficulty arguing on her own. (*See* Memo.) Ms. Chen's limited English
9  proficiency and legal knowledge, coupled with the fast-approaching deadlines in this
10 case, also weigh in favor of seeking pro bono counsel for Ms. Chen. Accordingly, the
11 court concludes that exceptional circumstances warrant another attempt to locate pro
12 bono counsel for Ms. Chen. *See Wilborn*, 789 F.2d at 1331.

### III.  CONCLUSION

14 The court conditionally GRANTS Ms. Chen's motion to appoint counsel (Dkt.
15 # 354). The court DIRECTS the Pro Bono Coordinator to identify, by no later than
16 **December 2, 2024**, counsel from the Pro Bono Panel to represent Ms. Chen in this action
17 pursuant to General Order No. 07-23. If the Pro Bono Coordinator timely identifies pro
18 bono counsel, the court will issue an order of appointment. If the Clerk cannot within
19 that timeframe identify counsel who is willing to represent Ms. Chen on a pro bono basis,
20 the court will be unable to appoint counsel. The court DIRECTS the Clerk to send a copy
21 //
22


1  of this order to Ms. Chen and to the Pro Bono Coordinator.

2  Dated this 6th day of November, 2024

3

                                            JAMES L. ROBART
                                            United States District Judge