1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| SUSAN CHEN, et al., | CASE NO. C16-1877JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, et al., | |
| Defendants. | |

Before the court is Plaintiffs Susan Chen and J.L.'s motion regarding the court's proposed "Dual Role Testimony" course of trial jury instruction. (Mot. (Dkt. # 441).) The court has reviewed Plaintiffs' submission, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Plaintiffs' motion.

On February 6, 2025, the court granted in part and denied in part Ms. Chen's motion for relief from the court's Rule 26(a)(2) expert disclosure deadline. (2/6/25 Order (Dkt. # 426).) As relevant here, the court ordered that Plaintiffs' witness, Dr. John

ORDER - 1

1   Green, may "testify as to causation 'so long as those opinions were formed during the
2   course of treatment.'" (*Id.* at 7 (citing *Platt v. Holland Am. Line Inc.*, No. C20-0062JHC,
3   2023 WL 2928348, at *3 (W.D. Wash. Apr. 13, 2023).)  The court further stated that it
4   would "scrutinize any opinion offered by Dr. Green at trial that raises concerns about
5   whether it was developed outside the scope of his treatment and in anticipation of
6   litigation." (*Id.*)  In contrast, the court held that Plaintiffs' witnesses Brooke Greiner, Dr.
7   Ivy Chung, Anastasiya Shapovalova, Eowyn Sinclair, and Dr. Darrow Chan "may testify
8   as percipient witnesses concerning their diagosnis, treatment, and observations of
9   Plaintiffs during the course of treatment, but they may not offer opinions on causation."
10  (2/6/25 Order at 8.)

11          On February 11, 2025, the parties jointly proposed that the court read Ninth
12  Circuit Model Criminal Jury Instruction 3.15 (Option 3) to the jury before Dr. Green's
13  testimony.  (*See* Prop. Instr. (Dkt. # 433)); *see also* 9th Cir. Crim. Jury Instr. 3.15 (Option
14  3) (providing model language).  The court proposed a revised instruction that omitted the
15  model instruction's language regarding "opinion testimony based on" a witness's
16  "specialized knowledge, skill, experience, training, or education[.]"

17          In their motion, Plaintiffs object to the court's proposed revisions.  (*See generally*
18  Mot.)  Plaintiffs assert that, in its February 6, 2025 order, "the [c]ourt ruled that while Dr.
19  Green may not testify to the same extent as an expert who has provided a written report
20  under [Federal Rule of Civil Procedure] 26(a)(2)(B), the [c]ourt's order allows him to
21  provide expert testimony." (Mot. at 3.)  Plaintiffs further assert that "the [c]ourt's
22  modified jury instruction suggests that Dr. Green is no longer permitted to provide any

ORDER - 2

expert testimony" and that the modifications "directly conflict[]" with the court's February 6, 2025 order. (*See id.*) Plaintiffs request that the court adopt the entirety of Ninth Circuit Model Criminal Jury Instruction 3.15 (Option 3), or alternatively "remove the instruction altogether[.]" (*Id.*)

Ninth Circuit Model Criminal Jury Instruction 3.15 (Option 3)[1] provides model language for cases involving a "witness [who] may provide [] three types of testimony: fact testimony, lay opinion testimony (as governed by [Federal Rule of Evidence] 701), and expert opinion testimony (as governed by Rule 702)." 9th Cir. Crim. Jury Instr. 3.15 (Comment). As relevant here, Rule 702 governs the testimony of expert witnesses "who [are] qualified by knowledge, skill, experience, training, or education" and who "demonstrate[] to the court that it is more likely than not that":

> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> b) the testimony is based on sufficient facts or data;
> c) the testimony is the product of reliable principles and methods; and
> d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d). *See also Wagner v. County of Maricopa*, 701 F.3d 583, 589 (9th Cir. 2012) ("[t]he purpose of expert testimony is to 'assist the trier of fact to

---

[1] Ninth Circuit Model Civil Jury Instruction 2.13 provides that Ninth Circuit Criminal Model Jury Instruction 3.15 should be used for "guidance" in cases where "the same witness provides expert opinion testimony and percipient witness testimony (whether fact testimony, lay opinion testimony, or both)[.]" 9th Cir. Civ. Jury Instr. 2.13 (Comment).

understand the evidence or to determine a fact in issue' by providing opinions on 'scientific, technical, or other specialized knowledge.'" (quoting Fed. R. Evid. 702)). Expert testimony that is based on a witness's specialized knowledge, skill, experience, training, or education is precisely the type of testimony that is within the realm of the court's *Daubert* gatekeeping function. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 146-48 (1999) (concluding that "*Daubert*'s general [gatekeeping] principles apply to the expert matters described in Rule 702.").

As Plaintiffs acknowledge, the court held that Dr. Green may opine on causation "so long as [his] opinions were formed during the course of treatment." (Mot. at 2 (citing 2/6/25 Order at 7).) The court did not authorize Dr. Green to offer testimony within the scope of Rule 702. (*See generally* 2/6/25 Order.) The comment to Ninth Circuit Model Criminal Jury Instruction 3.15 (Option 3)—the instruction proposed by Plaintiffs—provides that the "opinion testimony" language therein applies in cases involving expert testimony within the scope of Rule 702. *See* 9th Cir. Crim. Jury Instr. 3.15 (Comment). Furthermore, the model language that Plaintiffs propose expressly provides that Dr. Green's "opinion testimony based on knowledge, skill, experience, training, or education . . . might rely on facts that are *not based on [his] personal observations*." (*See* Prop. Inst. at 22-23 (quoting 9th Cir. Crim. Jury Instr. 3.15 (Option 3) (emphasis added).) Such an instruction would plainly contravene the court's order limiting Dr. Green's testimony to opinions he formed *during the course of [his] treatment*[.]" (2/6/25 Order at 7 (emphasis added).)

ORDER - 4

Dr. Green is not authorized to testify regarding matters within the scope of Rule 702. Accordingly, the court declines to include the model instruction language instructing the jury regarding such opinion testimony in its proposed course of trial instruction.

For the foregoing reasons, Plaintiffs' motion is DENIED (Dkt. # 441).

Dated this 19th day of February, 2025.

JAMES L. ROBART
United States District Judge