UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CHEN, et al., | CASE NO. C16-1877JLR |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, et al., | |
| Defendants. | |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

Before the court is Defendant Washington State Department of Children, Youth, and Families' ("DCYF")[1] motion for judgment as a matter of law pursuant to Federal

---

[1] In February 2025, the parties agreed that the proper name for defendant Washington State Department of Social and Health Services is now Washington State Department of Children, Youth, and Families. (*See* 2/3/25 Min. Order (Dkt. # 420).)

MINUTE ORDER - 1

1   Rule of Civil Procedure 50(b).  (Mot. (Dkt. # 482); Reply (Dkt. # 492).)  Plaintiffs Susan

2   Chen and J.L. oppose DCYF's motion.  (Chen Resp. (Dkt. # 488); J.L. Resp. (Dkt.

3   # 487).)  After a five-day trial, the jury found that Plaintiffs proved their negligent

4   investigation and negligent infliction of emotional distress ("NIED") claims against

5   DCYF, but not against Defendants Kimberly Danner or Jill Kegel.  (Jury Verdict (Dkt.

6   ## 467 (sealed), 466 (redacted)) at 1-4.)  The parties dispute whether Plaintiffs provided a

7   legally sufficient evidentiary basis from which the jury could have resolved Plaintiffs'

8   negligent investigation and NIED claims in Plaintiffs' favor and against DCYF.  (*See*

9   *generally* Mot.; Chen Resp.; J.L. Resp.)

10          As is relevant here, DCYF argues that Plaintiffs sued DCYF for negligent

11  investigation and NIED only under a vicarious liability theory and not on a theory of

12  direct liability.  (*See* Mot. at 4.)  DCYF further asserts that, because the jury found that

13  Ms. Danner and Ms. Kegel were not liable for negligent investigation or NIED, DCYF

14  also cannot be vicariously liable under those claims.  (*Id.*)  In DCYF's view, there is also

15  no evidence of negligent investigation or NIED by any employee of DCYF who was not

16  named as a defendant in this lawsuit.  (*Id.*)

17          In their responses, Plaintiffs assert that they sued DCYF under both direct and

18  vicarious liability theories.  (*See* J.L. Resp. at 10; *see* Chen Resp. at 15.)  The court

19  understands Plaintiffs to collectively argue that there is sufficient evidence to find DCYF

20  liable for negligent investigation and NIED because, in their view:  (1) the jury was

21  permitted to consider the conduct of Ms. Danner, Ms. Kegel, and DCYF employees

22  Kristy Archie, Stephanie Allison-Noone, and Natalie Gaydarzhi in assessing DCYF's

liability under both claims (J.L. Resp. at 6-10; *see* Chen Resp. at 9, 10); and (2) DCYF may be directly liable under both claims because it assigned Plaintiffs' dependency case to a "trainee" (i.e., Ms. Kegel), and failed to create policies and procedures (i) requiring supervisors to independently verify facts found by caseworkers and (ii) "allow[ing] investigative responsibilities to slip through the cracks[.]"  (J.L. Resp. at 10; *id.* at 10-11 (stating that DCYF employees were "rubber stamping the investigation" without independently verifying facts); Chen Resp. at 3.)

In light of the above disputes, the court ORDERS the parties to file, by **July 3, 2025 at 12:00 p.m. (P.T.)**, supplemental briefs of no more than 4,000 words in length, addressing the following issues, *with citations to case law or other legal authority*:

(1) In assessing whether the jury had a legally sufficient evidentiary basis to find DCYF vicariously liable for negligent investigation or NIED, may the court properly consider the conduct of Ms. Danner and Ms. Kegel, even though the jury found Ms. Danner and Ms. Kegel not liable under either claim?[2]

    (a) If the court cannot consider the conduct of Ms. Danner or Ms. Kegel in its analysis, what *legal authority* supports holding DCYF liable for negligent investigation and NIED in connection with the conduct of Kristy Archie,

---

[2] The court observes that in *Thompson v. Grays Harbor Community Hospital*, the Washington Court of Appeals concluded that the defendant hospital was vicariously liable for the actions of *unnamed* individual defendants, even though the *named* individual defendants were either dismissed from the case or found not liable in the jury's verdict.  675 P.2d 239, 305-07 (1983).

MINUTE ORDER - 3

Stephanie Allison-Noone, and Natalie Gaydarzhi—all of whom supervised Ms. Danner and Ms. Kegel?

(2) As a matter of law, is DCYF's decision to assign J.L.'s dependency case to a trainee, or its alleged failure to create adequate policies and procedures, the type of harm that may support a negligent investigation or NIED claim under Washington law?

Filed and entered this 24th day of June, 2025.

RAVI SUBRAMANIAN
Clerk of Court

s/ Ashleigh Drecktrah
Deputy Clerk

MINUTE ORDER - 4